[Civil No. 3063.   Filed February 1, 1932.]

[7 Pac. (2d) 582.]

FOX WEST COAST THEATRES, INC., a Corporation, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA and R. B. SIMS, BURT H. CLINGAN and WILLIAM S. HUNTER, as Members of the Industrial Commission of Arizona, Respondents.

Messrs. Moeur & Moeur, for Petitioner.

Mr. Burt H. Clingan and Mr. H. A. Elliott, Special Counsel, for Respondents.

LOCKWOOD, J.—This matter is brought before us by the Fox West Coast Theatres, Inc., a corporation, hereinafter called petitioner, to set aside an award made by the Industrial Commission of Arizona, hereinafter called the commission, in favor of one W. S. Larcom. The record shows the facts to be as follows:

Some time in 1929 petitioner acquired various moving picture theaters in Arizona, and proceeded with the repair and remodeling of the same. One of these theaters was located in Nogales, and on December 17th, Larcom was injured while working thereon. The first information regarding the injury was communicated to the commission on the twenty-eighth day of April, by Dr. W. F. Chenoweth, Larcom's attending physician in Nogales, in a report which named the Fox Film Theatre as the employer. This report was followed by considerable correspondence between the commission, the physician, petitioner, Larcom, and Home Accident Insurance Company, a corporation, hereinafter called the company, which latter, it was assumed at the time by all parties, was the insurance carrier of petitioner against accidents of the nature involved herein. The principal purpose of this correspondence was to determine who had been Larcom's employer and upon whom, if anyone, lay the responsibility to compensate him for the injury.

Under date of August 20th, Larcom filed with the commission a formal claim for compensation, nam-

ing petitioner as his employer at the time of the injury. On August 29th the commission made an award in his favor against petitioner and the company, the latter two being duly notified thereof. The company filed an application for a rehearing with the commission, which was granted and the hearing set for October 27th, both petitioner and the company being served with notice thereof. The company was duly represented at such hearing by counsel, but petitioner was not represented in any manner. On October 30th an amended award was made, finding that Larcom was in the employ of petitioner, but also finding that the company was not liable, for the reason that its policy of insurance held by petitioner did not cover the work in which Larcom was engaged. On November 10th petitioner applied for a rehearing, which was set for December 30th, at which hearing new evidence was taken and it was ordered that the evidence taken at the hearing of October 27th and that of December 30th should both be considered as part of the record upon which an award would be made. Petitioner protested against including the evidence taken October 27th on the ground that it was not represented at such hearing; that it had applied for a copy of the transcript of the evidence taken thereat, and offered to pay for the same, but had been refused it on the ground that it was not a party to the proceedings, nor interested therein, and therefore not entitled to a copy; and that it was unjust to hold it bound by evidence taken at a hearing when it was not represented and which it could not obtain a reasonable time before the hearing.

On January 30th the commission entered its decision on the rehearing, making an award which found on the vital issue as follows:

"That on or about December 17th, 1929, Fox West Coast Theatres, a corporation, was engaged in the repair, reconstruction and renovation of a theatre in

Nogales, Arizona; some of said work was performed directly by said Fox West Coast Theatres, a corporation, and other of said work was performed by contractors over whose work they retained supervision and control. Douglas Layman was such a contractor and had a contract with said Fox West Coast Theatres, a corporation, for the decoration of said Nogales Theatre. Said Fox West Coast Theatres, a corporation, retained supervision and control over the work performed by said Douglas Layman. Said Douglas Layman was not an independent contractor, and his employees are, within the meaning of the Workmen's Compensation Law, employees of Fox West Coast Theatres a corporation. Said applicant, W. S. Larcom, was employed by said Douglas Layman and was an employee of the Fox West Coast Theatres, a corporation, within the meaning of said compensation law.''

The first question is as to whether the commission was entitled to consider at the hearing made December 30th the record of the proceedings of October 27th. We have previously held that, while the commission is not a court, yet in making awards it acts judicially. *Doby* v. *Miami Trust Co., ante,* p. 228, 5 Pac. (2d) 187; *Alabam's Freight Co.* v. *Hunt,* 29 Ariz. 419, 242 Pac. 658. And while it is not bound by the formal rules of procedure obtaining in courts, it is nevertheless bound by the fundamental principles of justice and substantive law. *Doby* v. *Miami Trust Co., supra.* One of these principles is that every person against whom a judgment may be rendered should at all reasonable times and manners be entitled to have access to and knowledge of any evidence which has been offered to be used against him. It appears to us that this principle was violated by the commission in considering at the hearing of December 30th the evidence taken October 27th, after having denied petitioner's request for a copy of the reporter's transcript made on the latter date. Generally speaking, any interested party may have a

copy of any public record upon paying the proper fees therefor. This is true regarding the reporter's transcript in any proceeding in the superior court, and we see no reason why the same rule should not apply to proceedings of the commission. Section 3709, Rev. Code 1928. Instead, however, of setting aside the award and sending the case back upon a point which is, after all, one of procedure, and which in this case does not affect the legal principles ultimately governing the matter, we prefer to decide it on a rule of substantive law which it appears to us is shown sufficiently by the record.

In our opinion, the vital issue is whether or not Larcom was at the time of his alleged injury in the employ of petitioner or in the employ of an independent contractor. The evidence shows affirmatively that one Douglas Layman, who was at the time a painting contractor in California, entered into a written contract with petitioner on the 20th of November, 1929, for the decorating and painting of the Nogales theater in Nogales, Arizona, according to certain specifications and plans, for the flat sum of $1,250. The general conditions of the contract provided that the contractor should "furnish all labor and materials for the work." Layman also had similar contracts for decorating petitioner's theaters in Bisbee, Douglas, and Lowell, Arizona. In pursuance thereof . he went to Arizona, taking some men with him from California, and employing others in the different localities where the work was to be done, dividing his time between the places named until the work was completed. In Nogales he had a foreman named Martin Obzina. Larcom performed all his work under the direct instructions of Obzina, but was paid regularly in cash by Layman. No officer or employee of petitioner, so far as the record shows, ever had anything to do with the employment or payment of Larcom, or gave him any instructions in regard to his

work. Obzina handled all of the work and Layman made all the payments. Layman was paid by petitioner for his work the full contract price, in accordance with the terms of the written contract, when the job was completed.

The law regulating the respective liabilities of employers and independent contractors under the Workmen's Compensation Act reads as follows:

"Where an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractor and the persons employed by him, and his sub-contractor and the persons employed by the sub-contractor, are, within the meaning of this section, employees of the original employer. A person engaged in work for another, and who while so engaged, is independent of the employer in the execution of the work, not subject to the rule or control of the person for whom the work is done, but engaged only in the performance of a definite job or piece of work, and subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor and an employer within the meaning hereof." Section 1418, Rev. Code 1928.

This court in the recent case of *Grabe* v. *Industrial Commission,* 38 Ariz. 322, 299 Pac. 1031, explained the test to be used for the determination of liability under the Compensation Law, when the claim was made that the injured workman was in the employ of an independent contractor, as follows:

"Under section 1418, *supra,* if A procures B to do certain work for him which is a part or process in A's trade or business, and retains supervision or control over the work, then B and all B's employees and subcontractors to the Nth degree are, for the purposes of the Compensation Act, employees of A, no matter what the terms or method of employment or compensation. It is obvious that were this not so the

beneficent purposes of the act could and would be easily defeated or evaded by unscrupulous employers through the aid of various dummy intermediaries. The statute therefore brushes aside all forms and subterfuges and provides that one just, simple, and definite test. If the work be part of the regular business of the alleged employer, does he retain supervision or control thereof?''

So far as the *direct* evidence is concerned, everything points to the inevitable conclusion that Layman was an independent contractor. He was working under a written contract for a definite sum, and was required to furnish all labor necessary for the completion of the contract. Only Layman and his foreman, Obzina, ever exercised any control or supervision over Larcom in the course of the work, or made him any payments for his labor. If nothing further were in evidence, it could not be contended for a moment that there was a scintilla of evidence to support a finding that Larcom at the time of his injury was in the employ of petitioner.

The commission in its brief rests its entire finding on this point on one provision of the contract, and part of the testimony given by one Huntersford, who was admittedly the supervising architect representing petitioner. This provision in the contract reads as follows:

''The contractor agrees to abide by the directions of the Owner in the procedure of any or all parts of the work, should it at any time be deemed necessary for the proper progress of the construction for the Owner to assume such directions.''

Were this standing alone, there might perhaps be some argument as to whether or not it gave the owner supervision and control of the work. But, when read in connection with the entire contract, and particularly the various sections immediately preceding it, we are of the opinion that it gave the owner

only the right, in case there should be a conflict between the work of several of the independent contractors, to direct the manner in which they should proceed, so that the different jobs would not interfere with each other. We think it by no means authorized the owner to retain general supervision or control over the work.

The witness Huntersford was questioned by the referee as to the custom in handling the work when it was done by contract or not by contract. In order that the answers of the witness may be understood properly, we quote as follows:

"Q. What is your custom in contracting work which is being done directly by you and not by contract, when you wish this or that thing done, who do you talk to, the man consulted? A. Generally the boss or foreman.

"Q. As a general proposition, what is the usual custom when you contract work? A. In the contraction of work like that, we usually, technically, have no right to talk to any workman; we have to talk to the contractor or the contractor's representative.

"Q. But the original contractor who is doing the work, who do you talk to, the man yielding (wielding) the hammer, or the foreman? A. Well, I usually talk to the men.

"Q. You have done this kind of work twenty years, and you usually talk to the men? Do you really mean you want to say that? A. In a great many cases, you have to talk to the men to get them to produce the work or the results you want."

It will be seen upon examining the testimony of this witness that he stated that, when a job is done by contract, the owner has no right to talk to any workman, but must have his dealings with the contractor. This is, of course, the law. He said, however, that it was his habit to talk to the men directly in order to get them to produce the work or the results wanted. It is urged that this is in effect a statement

by Huntersford that Larcom was as a matter of fact under his supervision and control as the direct representative of petitioner, and strictly in line with the facts and conclusions in the Grabe case. We are of the opinion that such a construction cannot reasonably be given to the testimony. In the Grabe case the direct statement was made by the owner that he exercised personal supervision over the men on the work, and could and would discharge them arbitrarily, if he desired. In the instant case, there was the explicit recognition by Huntersford that it was his duty to deal with the contractor or his representative, and not with the men, and no suggestion that, if the latter objected to complying with any request made by him, that he could or would exercise any authority whatever over them. Nor is there a scintilla of evidence that he ever did attempt to talk to or direct Larcom or any other workmen under Layman.

We are of the opinion that on the whole record the evidence is insufficient to sustain a finding that Larcom at the time of his injury was in the employ of petitioner, but, on the contrary, that it showed affirmatively and conclusively that at the time of the injury he was in the employ of Layman, who was an independent contractor in every sense of the word. Such being the case, the award of the commission is set aside.

McALISTER, C. J., and ROSS, J., concur.