[Civil No. 3432.  Filed April 9, 1934.]

[31 Pac. (2d) 101.]

C. W. PISTOR, Petitioner, v. CYRUS MARSTEL-LER, Defendant Employer; THE INDUS-TRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier.

Messrs. Cusick & Lyons, for Petitioner.

Mr. Don C. Babbitt, Mr. Emil Wachtel and Mr. D. L. Cunningham, for Industrial Commission.

LOCKWOOD, J.—This is an appeal by C. W. Pistor, hereinafter called petitioner, from a decision of the Industrial Commission denying him compensation for an accident which occurred to him on the

11th of January, 1931, while he was repairing a gas engine and pump for Cyrus Marsteller.

There is but one question for our consideration, and that is whether or not there is evidence in the record sufficient to sustain the finding of the Industrial Commission that petitioner at the time he was injured was not an employee of Marsteller, but was an independent contractor. Petitioner in his brief sets up a number of abstract propositions of law. He urges that the burden is upon the alleged employer to show that a claimant for compensation was an independent contractor and not an employee, and that the ultimate test of such a question is whether the party injured has the right to control the mode and manner of doing the work in which he is engaged, or whether such control rests in the hands of the alleged employer. Admitting, for the purposes of this case, that the general propositions of law above stated are true, we must look to the evidence to determine whether the claimant falls within the one or the other category.

There is no material conflict in the testimony, and it shows in substance as follows: Marsteller was a rancher in the vicinity of Tucson, and in the course of his occupation had occasion to use a pump operated by a gasoline engine. Petitioner is both a building contractor and general mechanical repairman engaged in business in Tucson. Whenever Marsteller's pump and engine got out of order, it was customary for him to telephone to petitioner, stating what the trouble was, and the latter would then come to Marsteller's ranch and do whatever was necessary to get the pump and engine to working properly, performing the labor thereon, and also furnishing whatever material was required to complete the job. When the repair had been completed he would return to Tucson, and render a bill to Marsteller on the first of the month, which included what-

ever material and labor were used on the job, figuring the labor at the rate of $10 per day. There is no evidence that Marsteller ever gave him any instructions as to how the work was to be done, and petitioner, when he was asked what instructions he was in the habit of receiving for work of this class from the person for whom he did it, said:

"Well they can't be much instructions, other than if it is repairing a pump or gas engine to tell me it is broke and to fix it."

Petitioner never performed any other class of work for Marsteller, and his employment, if any, was confined solely to the matter which we have described. We are of the opinion that such work did not create between Marsteller and petitioner the relationship of employee, but rather that of an independent contractor. The work was exactly similar to that performed by a garageman and mechanic for a man who calls him up and informs the mechanic that something is wrong with his car, and he wants it fixed. We are certain that each of the many thousand owners of automobiles in Arizona would be greatly surprised to learn that whenever his favorite garageman comes out, and either makes the necessary repairs on the spot or else takes the car to the garage for some work which cannot well be done at the home of the owner, the legal relationship of employer and employee is created between them, and that if the mechanic, in the course of such repairs, inadvertently injures himself, the owner of the car is responsible to him under the Workmen's Compensation Law (Rev. Code 1928, § 1391 et seq.).

We are of the opinion that on the record as presented to us, there was ample evidence to sustain the finding of the Industrial Commission, and the award is affirmed.

ROSS, C. J., and McALISTER, J., concur.