[Civil No. 3624.   Filed July 11, 1935.]

[47 Pac. (2d) 440.]

W. E. SCOTT, Petitioner, v. PRESCOTT SANI-TARY LAUNDRY, INC., a Corporation, Defendant; THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Messrs. Favour & Baker and Mr. A. M. Crawford, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

LOCKWOOD, C. J.—W. E. Scott, hereinafter called petitioner, was injured while doing some work upon

the premises and at the request of Prescott Sanitary Laundry, Inc., a corporation, hereinafter called the company. He filed an application for compensation with the Industrial Commission. A hearing was had and the following finding was made, "3. That the evidence is insufficient to establish that the above named applicant on the date of the aforesaid accident, was an employee of the above named defendant employer, but the evidence does establish that the above named applicant was an independent contractor and not subject to the jurisdiction of this Commission," and the petition was dismissed for lack of jurisdiction. An application for rehearing was made which was granted, and thereafter the commission affirmed the findings and award as originally made, and petitioner has brought the matter before us on *certiorari* for review.

The sole question for our consideration is whether or not there is reasonable evidence in the record to sustain the finding of the commission that petitioner was at the time of his injury an independent contractor. If he was, the award was correct. If he was not, it was erroneous, for there is no question that he was seriously injured from an accident arising out of and in the course of the work which he was doing for the company.

The facts of the case are practically undisputed, the real question being the legal conclusions to be drawn therefrom. These facts, so far as they are material to the decision of the case, may be stated as follows: The company has been the operator of a power laundry for many years, using the machinery commonly used for such purpose. The mechanical operation, maintenance and repair of this machinery has for long been under the supervision of Ernest Jordon, the company's engineer, who makes all such repairs to the equipment as are within his ability.

At times, however, a repair is necessary for which the tools and equipment of the laundry are not adequate, and at such times it has been the custom of the company to call in additional help to assist Jordon in making the repairs. During the past ten years petitioner, who is a mechanic of undoubted skill and ability, has been regularly called for this purpose. His services while at the laundry are in co-operation with Jordon and always under the direction and supervision of the latter. For such services petitioner received the usual prevailing hourly wages of machinists, at the time of the injury $1.50 per hour. Shortly prior to the date of the petitioner's injury, Jordon had mechanical trouble with one of the washing machines belonging to the laundry. The machine consists of a perforated wooden cylinder, revolving horizontally in a cylinder of similar shape but slightly larger size. At one end of the machine is a large gear thirty inches in diameter, commonly called the "header," which engages the teeth of a smaller gear, the latter being driven by a belt from a line shaft powered by the engine of the plant. Jordon discovered, upon examining the machine, that the casting which secured the large gear to the wooden cylinder was broken. He had it removed and welded outside the laundry and replaced it, but in a few days noticed that the gears were not meshing properly, which resulted in a diminished speed of operation and increased requirement of power. He made various adjustments, but could not, with the facilities at his command, bring the gears into proper alignment, and requested Mr. Joe Heap, the president of the company, to call petitioner in to assist him. This was done, and on the day of the accident petitioner came to the laundry and was directed by Heap to go to Jordon and find out just what work was wanted. When petitioner reported to Jordon, the latter di-

rected him to the machine and then grasped the header spokes and turned the cylinder by hand power, pointing out to petitioner the faulty alignment of the gear shift. They conferred together as to the details of the adjustment, Jordon remaining at the front of the machine while petitioner went to the rear. Jordon stepped away for a few minutes, and on his return petitioner asked him to try the machine again to see the result of an adjustment which the latter had just made. Jordon tried the machine, and finding that its adjustment was apparently improved put it into gear and allowed it to rotate, when in some unexplained manner petitioner's right hand was caught in the gear, resulting in the injury for which compensation was sought.

The question is whether such evidence will reasonably sustain the finding that petitioner was an independent contractor. Section 1418, Revised Code 1928, reads in part as follows:

" . . . Where an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractor and the persons employed by him, and his sub-contractor and the persons employed by the sub-contractor, are, within the meaning of this section, employees of the original employer. A person engaged in work for another, and who while so engaged, is independent of the employer in the execution of the work, not subject to the rule or control of the person for whom the work is done, but engaged only in the performance of a definite job or piece of work, and subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor and an employer within the meaning hereof."

We have construed this section in *Grabe* v. *Industrial Commission*, 38 Ariz. 322, 299 Pac. 1031, 1034, as follows:

" . . . Under section 1418, *supra*, if A procures B to do certain work for him which is a part or process in A's trade or business, and retains supervision or control over the work, then B and all B's employees and subcontractors to the Nth degree are, for the purposes of the Compensation Act, employees of A, no matter what the terms or method of employment or compensation. It is obvious that were this not so the beneficent purposes of the act could and would be easily defeated or evaded by unscrupulous employers through the aid of various dummy intermediaries. The statute therefore brushes aside all forms and subterfuges and provides that one just, simple, and definite test. If the work be part of the regular business of the alleged employer, does he retain supervision or control thereof? All other matters are of importance only as they throw light on this question,"

and have approved the rule thus laid down in *S. H. Kress & Co.* v. *Industrial Commission,* 38 Ariz. 330, 299 Pac. 1034; *Fox West Coast Theatres* v. *Industrial Commission,* 39 Ariz. 442, 7 Pac. (2d) 582; *United States Fidelity & Guaranty Co.* v. *Industrial Commission,* 42 Ariz. 422, 26 Pac. (2d) 1012; *L. B. Price Mercantile Co.* v. *Industrial Commission,* 43 Ariz. 257, 30 Pac. (2d) 491.

The question as to whether or not the company retained supervision or control over the work was gone into very thoroughly. Heap, its president, testified that he had directed petitioner to go to Jordon, who would tell him what to do. Jordon said that when petitioner came to him he explained that the gears were not meshing properly and that he directed him to adjust them and expected him to do that and nothing else. Petitioner testified that he was called by Heap, and when he went to the laundry the latter ordered him to report to Jordon which he did. Thereupon Jordon told him that he thought the gears were too tight and told him to adjust them, and that

he was working under the instructions of Jordon, with the assistance of the latter.

It is the position of respondent commission that the present case is identical with that of *Pistor* v. *Marsteller,* 43 Ariz. 346, 31 Pac. (2d) 101, while petitioner holds the facts are more like those of *S. H. Kress & Co.* v. *Industrial Commission, supra.* We are of the opinion that the facts in the Pistor case are very different on the vital questions from those of the case at bar. In the case cited Pistor was called by the owner of certain premises, who told him that his gas engine and pump were out of repair and for him to go and fix them. The owner gave him no instructions as to how the work was to be done, provided no one to assist him, and did not indicate in any manner what he should do, except to get the engine and pump into operation.

In the present case when petitioner was called in the engineer of the company pointed out the exact difficulty, directed him minutely in his actions as to what he should do to remedy it, and remained to assist and supervise the carrying out of the work in the manner indicated. We are of the opinion that the evidence shows clearly that petitioner was at all times under the supervision and control of the engineer of the company, not only as to what result he should achieve, but as to how he should go about reaching the result, and that such supervision was actively exercised at all times up to the instant of the injury. Such being the case, petitioner, under the evidence, was not an independent contractor, but rather an employee, and, if such, was admittedly entitled to compensation for his injury. The award is set aside.

McALISTER and ROSS, JJ., concur.