[Civil No. 3685. Filed March 16, 1936.]

[55 Pac. (2d) 654.]

ROBERT O. BARBER, Petitioner, v. STATE OF ARIZONA; STATE AUDITOR; UNIVERSITY OF ARIZONA, Defendant Employer; THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. E. T. Cusick and Mr. Burt H. Clingan, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission of Arizona.

LOCKWOOD, C. J.—R. O. Barber, hereinafter called petitioner, has brought before us for review an award of the Industrial Commission made August 12, 1935. The facts of the case may be stated as follows: On the 11th day of June, 1933, petitioner, while in the employ of the state of Arizona, was injured in an accident arising out of and in the due course of his employment. He was placed in the Southern Methodist Hospital, at Tucson, and from then on was afforded medical care at a considerable expense, and was paid compensation for temporary disability, but no formal award was made in his case until the 28th of February, 1935, on which date the following findings and award were made:

### "Findings.

"1. That the above-named applicant, while employed in the State of Arizona by the above-named defendant employer, who was insured against liability for compensation under said law by the above-named defendant insurance carrier, sustained an injury by accident arising out of and in the course of his said employment on June 11, 1933, which injury caused temporary disability entitling said applicant to compensation therefor in the total sum of $1,371.68, of which $1,322.96 has been paid.

"2. Said injury also caused a 50% general total permanent disability entitling said applicant to compensation therefor in the sum of $29.43 monthly until further order of the Commission.

### "Award.

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. The sum of $48.72 payable forthwith.

"2. The additional sum of $29.43 monthly, until further order of the Commission, the first payment to be made on March 21, 1935."

He immediately applied for a rehearing which was granted, and on the 24th of April, 1935, considerable oral testimony was taken, and the referee announced that the case was submitted. Thereafter, and on July 8th, he was requested to appear before the medical rating board of the commission, at which time a careful and detailed examination of his condition was made by the board, and a report submitted to the commission. Thereafter and on August 12th the award upon which the writ of *certiorari* was based was made. The findings on which it was based read as follows:

"Findings.

"1. That the above named applicant, while employed in the State of Arizona, by the above-named defendant employer, who was insured against liability for compensation under said law by the above-named defendant insurance carrier, sustained an injury by accident arising out of and in the course of his said employment on June 11, 1933, which injury caused temporary disability entitling said applicant to compensation therefor in the total sum of $1,371.68, all of which has been paid.

"2. Said injury caused also a permanent partial disability equal to 10% of a general total disability, entitling said applicant to compensation therefor in the sum of $5.89 monthly until further order of the Commission."

There are two questions raised for our consideration. The first is, Did the commission err in considering a report based on an examination made by the medical rating board after the referee had announced that the case was submitted, when petitioner was not informed as to the conclusions reached by the board, and had no opportunity to read their report, nor to examine them under oath as to the facts

on which they based it? The second is, Did the evidence sustain the award?

We think the case should be disposed of upon the first point. While the Industrial Commission is not a court and is not bound by all the technical rules of evidence which govern a hearing in court, it nevertheless in making awards acts judicially, and must observe the fundamental principles of justice in reaching its conclusions. *Alabam's Freight Co.* v. *Hunt,* 29 Ariz. 419, 242 Pac. 658; *Doby* v. *Miami Trust Co.,* 39 Ariz. 228, 5 Pac. (2d) 187; *Fox West Coast Theatres* v. *Industrial Commission,* 39 Ariz. 442, 7 Pac. (2d) 582. One of these principles is that a party litigant is entitled to know all the evidence which will be placed before the tribunal which passes upon his case and given an opportunity, if he desires, to meet the same in the proper manner. In the present case, it appears that the commissioners must have considered the report of July 8th made by the medical rating board as one of the facts, if not the principal fact, upon which they based their conclusion as to the extent of petitioner's injury. It also appears that the petitioner was not given an opportunity to know what said report was until after the award of August 12th, nor was he permitted to call the members of the board for examination, nor to introduce any evidence tending to negative the conclusions reached by the board. A somewhat analogous situation arose in *Fox West Coast Theatres* v. *Commission, supra.* In that case we held that one of the fundamental principles of justice was that every person against whom a judgment could be rendered should at all reasonable times and manners be entitled to have access to and knowledge of any evidence which had been offered to be used against him. Not only did petitioner, so far as the record has shown, have

no knowledge of this report, but even if he had had, the case had already been ordered submitted, and he was offered no opportunity to attempt to impeach or discredit the report. Such being the case, we think the commission erred fundamentally in its procedure.

It is not necessary for us at the present time to determine whether the evidence was sufficient to sustain the award which was made.

The award is set aside.

McALISTER and ROSS, JJ., concur.