[Civil No. 3940. Filed February 16, 1938.]

[76 Pac. (2d) 223.]

H. H. ALEXANDER, Petitioner, v. JOHN ALEXANDER, ARIZONA ASPARAGUS FARMS, LTD., and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. C. C. Mowbray, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, J.—H. H. Alexander, hereinafter called petitioner, filed a petition with the Industrial Commission, hereinafter called the commission, seeking compensation for an injury which he alleged arose out of an accident which occurred during and in the course of his employment by Arizona Asparagus Farms, Limited, hereinafter called respondent.

The commission made an award denying petitioner compensation, and upon rehearing affirmed the award with the following findings:

"1. That the above named applicant, while employed in the State of Arizona, sustained an injury by accident arising out of and in the course of his employment on September 21, 1935.

"2. That at the time of said injury, the above named applicant was not an employee of the Arizona Asparagus Farms, Ltd.

"3. That at the time of said injury, the above named applicant was an employee of John Alexander.

"4. That at the time of said injury the above named applicant, and John Alexander, the defendant employer, were not subject to the terms of the Workmen's Compensation Law or to the jurisdiction of this Commission, by reason of the fact that said employer did not have three or more persons regularly employed."

Whereupon the matter was brought before us for review.

The extent and nature of the injury is not in dispute, it being admitted that petitioner's leg was very seriously damaged while he was engaged in the operation of an ensilage cutter upon the premises of respondent. The real question in issue is whether or not petitioner at the time of his injury was an employee of respondent or of one John Alexander. It is the position of respondent that it had entered into a contract with John Alexander for the cutting of certain asparagus growing upon its premises, and that as such independent contractor he employed petitioner to assist in the actual work, and while so engaged the latter received his injury. It is the contention of petitioner that respondent had arranged with John Alexander to do the work in question as its employee, and not as an independent contractor, and that petitioner, who was employed by John Alexander to operate the ensilage cutter, therefore came within the terms of the Compensation Law as an employee of respondent. If John Alexander was an independent contractor, it is admitted that no award may be made in favor of petitioner. If, on the other hand, John Alexander was an

employee of respondent, it is also agreed by the parties that petitioner is entitled to an award granting him compensation for his admittedly serious injuries. The question then is, Within which category does the evidence show John Alexander to fall?

Section 1418, Revised Code 1928, sets forth the difference between a subemployee and an independent contractor in the following language:

"Where an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is part or process in the trade or business of the employer, then such contractor and the persons employed by him, and his subcontractor and the persons employed by the subcontractor, are, within the meaning of this section, employees of the original employer. A person engaged in work for another, and who while so engaged, is independent of the employer in the execution of the work, not subject to the rule or control of the person for whom the work is done, but engaged only in the performance of a definite job or piece of work, and subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor and an employer within the meaning hereof."

We have applied this definition in the case of *Grabe* v. *Industrial Com.*, 38 Ariz. 322, 299 Pac. 1031, 1034, and explained the test to be used for the determination of liability when the claim is that the injured workman was in the employ of an independent contractor, as follows:

"Under section 1418, *supra,* if A procures B to do certain work for him which is a part or process in A's trade or business, and retains supervision or control over the work, then B and all B's employees and sub-contractors to the Nth degree are, for the purposes of the Compensation Act, employees of A, no matter what the terms or method of employment or compensation. It is obvious that were this not so the beneficient purposes of the act could and would be

easily defeated or evaded by unscrupulous employers through the aid of various dummy intermediaries. The statute therefore brushes aside all forms and subterfuges and provides that one just, simple, and definite test. If the work be part of the regular business of the alleged employer, does he retain supervision or control thereof?''

And we reaffirmed this rule in *Fox West Coast Theatres* v. *Industrial Com.*, 39 Ariz. 442, 7 Pac. (2d) 582.

■■ The undisputed facts in regard to the relation between petitioner and respondent are as follows: Respondent operates an asparagus farm of approximately 300 acres at Eloy, Arizona. In order to harvest a crop of asparagus tips in the fall, it is necessary first to cut the rank asparagus fern which grows in the summer close to the ground, and then to cut it into short pieces so that it can be worked into the ground between the rows of asparagus as a mulch or fertilizer. The next operation is to cut beneath the ground the stubble left by the first operation, and the field is then cultivated, water applied, and a new crop of asparagus tips appears and is harvested in the usual manner. Respondent had its own equipment for the above operation with the exception of machinery to cut the fern and chop it into short lengths preparatory to working it into the ground for a mulch. As far as is known, there is no machine especially designed to handle this asparagus fern in the manner above set forth, and respondent had for several years secured the services of two machines to do this work which had been originally designed for the cutting of ensilage. With a few alterations these machines could be and were used for the operation above described. One of them belonged to John Alexander, and petitioner H. H. Alexander, his father, was employed by the former to assist in the operation of the machine. Perry H. Brown had been superintendent for respondent during the years

1933, 1934, and 1935, and all the dealings between John Alexander and respondent were made through Brown. No written agreement was ever made between John Alexander and respondent in regard to the terms and manner in which the machine was to be operated. The compensation paid was on an acreage basis, and not *per diem*, but this, of itself, is not decisive of the issue. The true test, as stated in the Grabe case, *supra*, is whether the alleged employer retains supervision or control of the manner of the work. The testimony of Brown on this point is not positive, and it would be of little value as a precedent in future cases for us to set it forth *verbatim*. Generally speaking, the reasonable conclusion therefrom may be summarized as follows: Brown watched the progress of the work to see whether it was turning out a satisfactory result, directed any alterations in its manner that he thought best, and had the right at any time he thought it was not being done in the proper manner to cause Alexander to cease the work and remove his machine from the premises. He exercised this power of direction frequently, without any objection or protest from Alexander. We think that this situation is that of employer and employee rather than one of an independent contractor.

■ Ordinarily speaking, a contractor agrees to produce a definite result for a specified price. The other member to the contract has no right whatever to interfere with the method of doing the work, and, if he stops the contractor or refuses to let him continue, the latter may then sue for damages for a breach of the contract and recover such profit as he would have made had it been completed according to the terms of the contract. On the other hand, except in rare instances, the owner of the property may not legally interfere with the progress of the work, his

remedy being to refuse to pay the contract price in case the result contracted for is not reached.

 We are of the opinion, upon the whole case, that the evidence does not justify the conclusion that John Alexander was an independent contractor, but rather shows definitely that he was an employee of respondent. If such is the case, petitioner, who was employed by John Alexander, was also, within the meaning of the Compensation Law (Revised Code 1928, section 1391, as amended), an employee of the respondent and is entitled to recover such compensation as the law gives to one injured in the manner in which he was.

The award is set aside.

McALISTER, C. J., and ROSS, J., concur.