[Civil No. 3505.   Filed March 11, 1935.]

[42 Pac. (2d) 47.]

E. L. SIMPKINS, Petitioner, v. STATE BANKING DEPARTMENT, Defendant Employer, and THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. James Forest and Mr. Burt H. Clingan, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondents.

LOCKWOOD, C. J.—This is an appeal from an award of the Industrial Commission denying E. L. Simpkins, hereinafter called petitioner, compensation for a certain injury received by him in Yuma county on December 27, 1933.

There are three assignments of error, but there is only one real question for our consideration, and that is whether the Industrial Commission was justified in finding there was not sufficient evidence to establish that petitioner's injuries were caused by an accident arising out of and occurring within the course of his employment.

It is necessary, therefore, for us to examine the evidence, as shown by the record, in order to determine whether it sustains the finding of the commission. In so doing we must consider it in the light of certain principles of law well established in this jurisdiction:

1. Every presumption is in favor of the action of the commission, and it is only in case there is no reasonable evidence to support its findings of fact that we will not sustain them. *Maryland Casualty Co.* v. *Industrial Com. of Ariz.,* 33 Ariz. 490, 266 Pac. 11.

2. The commission, sitting as a trier of fact, must apply the same fundamental principles of law and equity as a court or jury. *Doby* v. *Miami Trust Co.,* 39 Ariz. 228, 5 Pac. (2d) 187; *Edens* v. *L. E. Dixon Construction Co.,* 42 Ariz. 519, 27 Pac. (2d) 1107.

3. It therefore may not refuse to accept the unimpeached and uncontradicted testimony of a credible and impartial witness as to any facts to which such witness may testify. On the other hand, even though the testimony of a witness be not directly contradicted by positive evidence in the case,

if the circumstances of the case and the character of the witnesses are such that a reasonable man might doubt its truthfulness, it may be disregarded by the triers of fact. *Sorenson* v. *Commission,* 44 Ariz. 109, 33 Pac. (2d) 993; *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104.

■ 4. In a proceeding under the Workmen's Compensation Law (Rev. Code 1928, § 1391 et seq.) it is incumbent upon the petitioner to establish to the satisfaction of the commission, by a preponderance of the evidence, that the accident arose out of and in the course of the employment, and there is no burden upon the commission, or any other person, to prove that it did not so arise in order that compensation may be denied. *Ocean Acc. & Guarantee Corp.* v. *Industrial Com.,* 32 Ariz. 265, 257 Pac. 641.

We have carefully examined the entire record in the case, including the transcript of evidence, and it appears therefrom that petitioner was unquestionably seriously injured in a collision between an automobile driven by him and one driven by John Sylvara. The accident occurred in Yuma at about 7 P. M., the evening of December 27, 1933. At the time petitioner was in the employ of the state banking department as a special deputy in charge of the liquidation of the Security Trust & Savings Bank in Yuma. According to his testimony at the rehearing, he left his office in Yuma about 4:30 in the afternoon of the day the accident occurred for the purpose of examining several pieces of property situated in the valley which belonged to the bank and also for the purpose of attempting to secure a payment from a certain debtor of the bank, one Cavness. After visiting the properties in question, he stopped at the debtor's place of business, intending, after he left there, to visit one other place on bank business and then return to his home. He left the Cavness place

about 7 P. M., and started to perform his last errand on behalf of the bank, but almost immediately his automobile collided with another driven by one John Sylvara, and he received the injuries for which he seeks compensation. If his story be true, there is no question that the commission erred in refusing him compensation, for according to it there could be no doubt that at the time of his injuries he was engaged in the course of his employment and the accident arose out of it.

The commission contends, however, that the evidence as a whole was such that it was justified in believing therefrom that he was not engaged at the time of the accident in the bank's business, as he claimed, but, on the contrary, was pursuing his own pleasure in visiting various places which dispensed liquid refreshments, and that it was in the course of such occupation that he was injured.

The evidence upon which petitioner contends the commission based its decision may be divided into three classes: (a) Confidential reports from its own special examiners, which consisted of concise written summaries of various facts and hearsay matters which the examiners had learned from different parties in Yuma, including the opinion of the examiners as to the ultimate facts to be deduced from these ex parte and hearsay statements; (b) certain ex parte affidavits and signed statements made by some of the persons interviewed by the examiners reduced to writing and found in the record; and (c) direct testimony taken at a rehearing of the case.

Petitioner claims that the action of the commission was arbitrary and capricious in that he and his attorneys were not granted permission to see any of the confidential reports of the special examiners until the day before the rehearing, and then only saw one of them, although a number of others

were actually on file. We are of the opinion that the commission has both the right and the duty to make independent examinations of facts concerning a claim for compensation presented to it, and to make such examinations in such manner as it may deem fit and proper, but the reports of such special examiners are not of themselves evidence, but are merely in the nature of confidential information from which the commission may secure legal and competent evidence. They are not made under oath, and are as a rule composed merely of statements of the opinion of the various examiners based on rumor, hearsay, and preliminary statements of witnesses. While the rule in favor of the admissibility of hearsay testimony in compensation cases has been well established in this jurisdiction, we think such hearsay testimony, to be admissible, must be presented in such a manner that a petitioner has the opportunity to cross-examine and go fully into the matter before the commission may base an award thereon in whole or in part, and that these confidential reports cannot be considered as evidence upon which a final award at a rehearing can be founded. It follows that a petitioner is not entitled, as a matter of right, to an examination thereof before a rehearing. It further follows that, if it appears that, in order to sustain a finding of the commission made at a rehearing, it is necessary that we resort to such confidential reports, we must hold that the finding is not sustained by the evidence.

The second class of evidence consists of *ex parte* affidavits in regard to matters which would be competent evidence at a hearing, and the reports of physicians such as are usually made in industrial cases. Findings may be based upon such reports at preliminary awards, and we will sustain an award made thereon, provided always that in such a case, if the petitioner seeks a rehearing, the rehearing must

be granted him, except where applicant has expressly or tacitly consented to try his case on such affidavits or reports, and he must have the opportunity to subpoena the parties making such affidavits and reports for the purpose of cross-examination. *Edens* v. *L. E. Dixon Construction Co., supra; Hogle* v. *Arizona Concrete Co.,* 44 Ariz. 1, 33 Pac. (2d) 589.

We consider then whether there is evidence under classes (b) and (c), as above described, which would justify the commission in rejecting the testimony of petitioner as to the business he was engaged in at the time of the accident. A great deal of evidence appears, both in the reporter's transcript and in the affidavits made before the rehearing, in regard to whether or not petitioner was intoxicated at the time of the accident. This evidence is in sharp conflict, but there is sufficient in the record to sustain a finding by the commission that petitioner was intoxicated at the time. Such intoxication, however, would not be sufficient to deny him compensation under the act if he was in fact engaged in the business of his employer, unless it reached an extent tantamount to an abandonment of the employment, and is relevant only as bearing upon the credibility of his statement that he was so engaged, as compared with the commission's theory that he was, as a matter of fact, at the time upon a "joy ride."

It would carry this opinion to too great a length for us to set forth in full all the evidence. Among it we find a written statement made by petitioner himself three weeks after the time of the accident. According to the statement, petitioner had completed all his business for his employer at the time he left the Cavness place, and was then proceeding toward home when the accident occurred. Taking into consideration the interest of the petitioner in the result of the case, this statement, the testi-

mony as to his habits in regard to the use of liquor generally, and the reasonableness of his claim that he was engaged in business for his employer some two hours after the usual time for closing his office, which necessitated his visiting several drinking resorts, while other triers of fact might reasonably have reached a different conclusion from that reached by the commission, we cannot say affirmatively that the evidence does not bring the case within the rule laid down by us in *Sorenson* v. *Commission, supra,* and that it could not reasonably hold that petitioner had failed to establish the burden imposed upon him of showing that the accident occurred during the course of his employment.

Much was said in the oral argument and in the briefs criticizing the fact that under the law as it at present stands the custodians of the state insurance fund sit as the triers of compensation cases, and it was urged that they had not in the present, and indeed in many other cases, exercised their func- tions in the latter capacity judicially and impartially, but had instead been actuated solely by a desire to defeat claims for compensation. We have at pre- vious times suggested that it might perhaps have been better if the legislature had provided that the custody of the insurance fund should be placed in the hands other than those of the commissioners who de- termined whether or not such fund was liable for com- pensation, but we have also said that we must pre- sume that the commissioners do exercise their powers honestly and impartially and according to their best judgments, and that, if they do not, the appeal is not to this court, but to the Governor, who has the power of removal under such circumstances.

For the foregoing reasons the award is affirmed.

McALISTER and ROSS, JJ., concur.