276 P.2d 534

Edward Henry SCHNATZMEYER, Petitioner, v. The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, A. R. Kleindienst and F. A. Nathan, Members of The Industrial Commission of the State of Arizona; and Forrest Leinenwever, Defendant Employer, Respondents.

No. 5965.

Supreme Court of Arizona.

Nov. 15, 1954.

John R. Franks, Phoenix, for respondent, Industrial Commission. Donald J. Morgan and Robert K. Park, Phoenix, of counsel.

WINDES, Justice.

This case is presented for the second time on certiorari to the Industrial Commission. Schnatzmeyer v. Industrial Commission, 77 Ariz. 266, 270 P.2d 794. Therein we set the award aside because of a mathematical miscalculation of the compensation to which petitioner was entitled, assuming other facts found by the commission in making the award were legal. We further held therein that there existed an ambiguity as to whether the unemployment was due solely to petitioner's lack of effort to secure employment or partially due to disability. We also held that if it be a fact that such employment was partially due to disability, that fact should be considered in making the award. After this decision, the commission reconsidered the matter informally, presumably upon the record before it, without the petitioner being given an opportunity to be present. Upon such reconsideration the commission made amended findings and award, correcting the arithmetical error and harmonizing the ambiguous findings by making Finding No. 10 to the effect that his inability to obtain work was due solely to petitioner's failure to make diligent effort to that end.

Petitioner filed application for rehearing specifying many grounds therefor, including the ground that said Finding No. 10 was not sustained by the evidence, and de-

H. S. McCluskey, Phoenix, for petitioner.

manded the right to cross-examine all witnesses upon which the commission relied. This petition for rehearing was denied and we issued certiorari.

By the provision of section 56–972, A.C.A.1939, the limit of this court's power is to either affirm or set aside the award. Paramount Pictures, Inc., v. Industrial Commission, 56 Ariz. 352, 106 P.2d 1024. When an award is set aside, it is the right and duty of the commission to reconsider all the issues of fact involved in the proceedings, including the taking of new evidence if available. In other words, there must be a trial de novo. King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294. A trial de novo means a second trial in the same manner. Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215. Certainly a trial de novo does not mean an ex parte informal hearing, without the opportunity for rehearing if requested. All interested parties are entitled to an opportunity for a hearing. The petitioner herein was given no hearing. nor an opportunity to be heard on the reconsideration of the matter and the making of new findings and award. He could no more be deprived of this on the retrial than on the original trial. The petition for rehearing sought the opportunity to cross-examine witnesses. He is given this right by the commission's Rule 30 when a question of fact is involved. He. is given this right by decision of this court if the commission is to use as evidence reports of investigators and doctors or ex parte affidavits. Simpkins v. State Banking Department, 45 Ariz. 186, 42 P.2d 47. We know not, nor under the circumstances could the petitioner know, whether or to what extent this class of hearsay evidence was used by the commission in making the new award without the right to cross-examine.

For the reasons herein stated, the petitioner was entitled to rehearing, and the award is set aside.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.