[Civ. No. 21996. Second Dist., Div. One. Dec. 5, 1956.]

JOHN ROBERSON, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Arthur Garrett for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Re-
spondents.

NOURSE (Paul), J. pro tem.*—Petitioner, in the course of
his employment by Bethlehem Pacific Coast Steel Corporation,
sustained an injury to his back. In due course he made appli-
cation for compensation for temporary disability, and upon
the employer's petition to reopen the commission took further
medical evidence and an independent medical examiner was

*Assigned by Chairman of Judicial Council.

appointed by the commission. Upon his report having been received, and he having been cross-examined by applicant, petitioner here, the matter was referred by the referee who heard the matter to the commission's rating expert. The rating expert filed a written report, and within the time allowed by law petitioner filed a request with the commission that the matter be set down for further hearing for the purpose of cross-examination of the rating expert.

Simultaneously with filing this request, petitioner requested an extension of time in which he might show cause why the matter should not be submitted for decision upon the report of the rating expert. These two documents were filed with the commission on May 5, 1956; and on May 14, 1956, applicant filed a request for a further extension of time within which "to show good cause why the above case should not be submitted for decision upon the instructions and report of the Permanent Disability Rating Specialist." On May 21 applicant filed written objections to the report of the rating expert, and after stating his objections prayed that the matter be resubmitted to the rating expert with certain specified instructions.

Immediately thereafter the referee filed his report recommending that applicant's objections be denied, but in this report did not mention applicant's request for cross-examination of the rating expert; and on May 29 the referee filed his formal findings of fact and award. Thereafter, and within the time required by law, applicant filed his petition for reconsideration, asserting as one of the reasons therefor that he had been denied the right to cross-examine the rating expert. This petition for reconsideration was denied by the referee, and his decision was affirmed by Panel II of the commission upon the ground that by filing the applications for extension of time to show cause why the matter should not be submitted for decision upon the instructions and report of the rating expert and by filing objections to that report, applicant abandoned and waived his right to cross-examine the rating expert.

The respondent commission here concedes that unless petitioner waived his right to cross-examine the rating expert, the commission's denial of that right deprived petitioner of procedural due process, and that the award must therefore be annulled.

While petitioner, by his original petition here, presented several questions, at the oral argument he expressly aban-

doned all of them other than the question as to whether or not he was deprived of due process by the commission's failure to grant him the right to cross-examination of the rating expert. The sole question presented here is, therefore, did petitioner waive that right? We have reached the conclusion that he did not.

 ''A waiver of a right cannot be established without a clear showing of an intent to relinquish such right, and doubtful cases will be decided against a waiver'' (*Greninger* v. *Fischer*, 81 Cal.App.2d 549, 554 [184 P.2d 694]); nor will a waiver be presumed or implied contrary to the intention of a party whose rights would be injuriously affected, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended (*Craig* v. *White*, 187 Cal. 489, 498 [202 P. 648]).

██ We find no factual basis from which a waiver of the right of cross-examination of the rating expert, which applicant had demanded, can be implied. There was nothing inconsistent in his asking an extension of time in which to apply to submit the matter upon the report of the rating expert, with his demand to cross-examine that witness. It might very well be that after cross-examination he would desire to accede to the report of the rating expert and ask that an award be made upon the basis of the report. Nor do we find anything inconsistent between his making timely objection to the report as filed and his request for cross-examination. The purpose of his objections was to have the matter resubmitted to the rating expert, which if granted would necessarily defer the time of cross-examination until a further report was filed. If such report was filed then he might no longer desire cross-examination, or might desire to request examination upon the basis of the second report. But, his objections being overruled, his right to cross-examination which he had asserted remained; and as we have heretofore said there is nothing inconsistent in the actions that he took, and certainly his adversary, the employer, was not misled to its detriment by any act of petitioner.

The award is annulled.

White, P. J., and Fourt, J., concurred.