401 P.2d 172

**John Leroy JONES, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier,**

**Sampson Construction Company, Inc., and Johnson Elevator Construction, Inc. (Johnson-Sampson Company), Respondent.***

**I CA–IC 4.**

Court of Appeals of Arizona.

March 22, 1965.

---

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8208. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23, A.R.S.

Hirsch, Van Slyke, Richter & Ollason by Lawrence Ollason, Tucson, for petitioner.

Robert A. Slonaker, Phoenix, for respondent.

CAMERON, Judge.

Petitioner, John Leroy Jones, seeks, by certiorari, to set aside the Industrial Commission's "Order Denying Rehearing and Affirming Previous Decision Upon Rehearing", dated 21 October, 1963. The facts, so far as they are pertinent to a determination of this matter are as follows:

Petitioner sustained an industrial injury on 27 May, 1961. He was working for respondent Johnson-Sampson Construction Company in the capacity of a laborer.

The Commission issued its "Final Findings and Award" in December, 1961, ordering that the applicant's case be closed and that the applicant take nothing further from the Industrial Commission of Arizona. On 15 February, 1963, petitioner filed a "petition and application for readjustment or re-opening of claim", alleging new and additional disability as a result of his injury of 27 May, 1961. Medical examinations were ordered by the Industrial Commission, and pursuant to a report filed by Dr. Elkins the Commission issued its findings and award denying a re-opening of the claim. Petitioner filed notice for rehearing, and a rehearing was granted and held on 6 August, 1963, in Tucson, Arizona. At said hearing, both the petitioner and the Workmen's Compensation Fund were represented by counsel. The following discussion took place at the hearing:

(By Mr. Slonaker)

"Q: This St. Mary's Hospital emergency room report, which is marked Exhibit A by the referee, which I was just discussing here, I would like to have it taken into evidence.

"THE REFEREE: It is in evidence.

"MR. OLLASON: It is not in evidence. I have not even seen that report and I think we are going to have to abide by the rules of evidence. What is in that file is not in evidence.

"THE REFEREE: Yes, it is. It has been there for your inspection.

"MR. OLLASON: Very well, I want to cross examine every person whose name is in that file.

"THE REFEREE: You send in a list—

"MR. SLONAKER: I did not see any need—that is why I didn't know why to put it in evidence because I am under the impression that the file is in evidence—this is my impression—and that the record we are making today is also part of the file rather than the file being a part of the record. I thought this was all for the factual presentation to the Commission so that they can make a final decision. I don't know, maybe I am wrong.

"MR. OLLASON: Gentlemen, I want the record to show that I object to any reference to that file being in evidence unless I have the right to cross examine.

"THE REFEREE: You do.

"MR. OLLASON: Very well, then, I make the request.

"THE REFEREE: You had your opportunity. You requested no subpoenas for this hearing." R.T. pages 15, 16 and 17.

Attorney for petitioner then went through the files and requested a list of people that he desired the Commission to subpoena and made the following statement at page 17 of the Report of Transcript:

"I want those people subpoenaed for cross examination if that file is considered as being in evidence. If it is not considered as being in evidence, then I only want to cross examine the people who prepared any of the documents in the file that will be considered in evidence."

Later on, attorney for petitioner requested that the hearing be continued to a later date, and requested that the people pre-

viously mentioned be supoenaed for the hearing. This request was denied by the referee. Request for rehearing was denied and petitioner brings this matter to the court by Writ of Certiorari.

The issues raised in this matter concern the right of the petitioner to cross examine witnesses whose testimony, reports and ex parte affidavits supply the facts or "evidence" upon which the award of the Commission is based, and further, whether or not the petitioner waived this right by failing to request the Commission, in writing, to issue subpoenas prior to the date of the 6 August, 1963, hearing.

The statutes provide that the Industrial Commission may adopt rules of procedure, A.R.S. § 23–922, and that the Commission shall not be bound by the rules of evidence or by "technical or formal rules of procedure", A.R.S. § 23–942. Thus the parties here are not bound by superior court rules of procedure, but by the rules of procedure adopted by the Commission. Transcontinental Bus System, Inc. v. Industrial Commission, et al., 71 Ariz. 209, 225 P.2d 701 (1950). Our Supreme Court has further stated on more than one occasion, that when the Commission makes an award, it is acting judicially and is therefore bound to follow the general principles of law, Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745 (1938); Barber v. Industrial Commission, 47 Ariz. 294, 55 P.2d 654 (1936), and has also stated that the parties have the right of cross examination. Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1954); Simpkins v. Industrial Commission, 45 Ariz. 186, 42 P.2d 47 (1935).

The attorney for the Industrial Commission relies heavily on Rule 35 of the "Rules of Procedure Before the Industrial Commission of Arizona", which reads in part as follows:

"COMPELLING ATTENDANCE AT HEARINGS:—Any party desiring the Commission to issue a subpoena to compel the appearance of a witness at any hearing shall make written application therefor, stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, a subpoena will be supplied * * *."

The Commission urges in its brief that "to allow a claimant at each turn of the events to demand the right to cross examine further witnesses without any attempt to show materiality of such demand, would result in a chaotic condition and extend hearings in a given matter ad infinitum."

We do not agree. We feel that Section 35 of the Rules of Procedure Before the Industrial Commission, must be read together, and in the light of, Rule 30:

"HEARINGS, FORMAL WHEN GRANTED:—A formal hearing will be held only in case there be a question as to the facts, and when circumstances are such that a hearing affords the most convenient and satisfactory means of determining the facts. Provided, however, that any party aggrieved by an award shall be granted a formal hearing at which he *shall be afforded an opportunity to present further material evidence and cross examine any person who has given any evidence in the matter.*" (Emphasis added.)

Rule 35 merely gives the party the right to apply to the Industrial Commission for a subpoena to be served on any party the petitioner wishes to call for direct examination. It gives the petitioner the right to use the subpoena powers of the Commission, at petitioner's own expense, to effect the attendance of what otherwise might be reluctant witnesses. Rule 35 cannot be used to restrict the right of the parties to cross examine a person who has given any evidence in the matter. We are aware that the Commission has in its file, many independent reports of facts upon which it may base its investigation of a particular claim, and we do not wish to restrict the Commission's right to make independent investigations and examinations of the facts concerning the claims for

compensation, but where the Commission uses evidence, testimony, reports, documents, affidavits or any matter which may appear in the file upon which to base an award, there must be full and complete opportunity on the part of the parties to cross examine the person or persons giving such evidence, testimony, reports, documents, affidavits or matters. This was stated very well by Chief Justice Alfred C. Lockwood as follows:

> "We are of the opinion that the commission has both the right and the duty to make independent examinations of facts concerning a claim for compensation presented to it, and to make such examinations in such manner as it may deem fit and proper, but the reports of such special examiners are not of themselves evidence, but are merely in the nature of confidential information from which the commission may secure legal and competent evidence. They are not made under oath, and are as a rule composed merely of statements of the opinion of the various examiners based on rumor, hearsay, and preliminary statements of witnesses. While the rule in favor of the admissibility of hearsay testimony in compensation cases has been well established in this jurisdiction, we think such hearsay testimony, to be admissible, must be presented in such a manner that a petitioner has the opportunity to cross-examine and go fully into the matter before the commission may base an award thereon in whole or in part, and that these confidential reports cannot be considered as evidence upon which a final award at a rehearing can be founded." Simpkins v. State Banking Department, 45 Ariz. 186 at 191, 42 P.2d 47 at 49 (1935).

■ Attorney for respondent Industrial Commission urges that the petitioner has the "opportunity" to cross examine if he has the right to call witnesses for the purpose of cross examination. We do not agree with this position. Under the Arizona cases cited above, and Rule 30, the party entitled to cross examination must be presented with an "opportunity" or occasion wherein he may cross examine persons whose testimony, ex parte affidavits, reports or statements the Commission intends to use or may use as evidence upon which to base its award. The party entitled to the right or "opportunity" for cross examination should not be compelled to expend money or effort in obtaining that "opportunity". McCarthy Stevedoring Corporation v. Norton, 40 F.Supp. 957 (1939). It is the responsibility of the Commission to provide the proper safeguards for ascertaining the rights of the parties in the admission of testimony including hearsay. Gomez v. Industrial Commission, 72 Ariz. 265, 233 P.2d 827 (1951).

■ The Arizona Supreme Court has repeatedly held that the Workmen's Compensation Act is remedial and its terms should be liberally construed in order to effectively carry out the purposes for which it was intended, Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961); Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953), and this also applies to interpreting the "Rules of Procedure Before the Industrial Commission of Arizona", published under the provisions of the Workmen's Compensation Act.

■ This question has been before the federal courts many times, and was discussed in 1951 as follows:

> "We are aware that sec. 23(a) of the Act, 33 U.S.C.A. 923(a), provides that in conducting a hearing the deputy commissioner 'shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties. * *' This relaxation of the ordinary rules of procedure and evidence does not

invalidate the proceedings, provided the substantial rights of the parties are preserved. Consolidated Edison Co. v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. [126], 127, headnote 14. But this general provision does not, indeed it could not, dispense with a right so fundamental in Anglo-Saxon law as the right of cross examination. Although administrative agencies may be relieved from observance of strict common law rules of evidence, their hearings must still be conducted consistently with fundamental principles which inhere in due process of law." Southern Stevedoring Company v. Voris, 5 Cir., 190 F.2d 275, at 277, (1951).

This brings us to the next question. Attorney for respondent Industrial Commission urges that under Rule 29 of the Rules of Procedure Before the Industrial Commission, the petitioner is deemed to know the contents of the file and to admit everything in the file unless written objection is filed with the Commission. Counsel urges that having failed to file these objections, petitioner admits them, and thereby waives his right to cross examination concerning matters in the file. Rule 29 reads as follows:

"29. FILES, PUBLIC RECORDS, NOTICE OF CONTENTS: * * * The files of the Commission will be open for inspection by all parties to the proceeding only, and they are deemed to have notice of all reports and other documents filed therein. Every party is deemed to admit the truth and correctness of very material fact or statement contained in any report or document on file, unless a written objection to or denial of such fact or facts be made and filed with the Commission."

It should be noted that the file in this case contained some 136 different "records" in addition to Exhibit "A", all of which, it is urged, petitioner is deemed to know and "admit the truth and correctness"

thereof. Even if we assume, arguendo, that petitioner has waived his right to contest the "truth and correctness" of the records in the file by failing to file written objections thereto as required by Rule 29, this does not mean that petitioner has thereby waived his right of cross examination also. The fact that a party may admit the truth and correctness of a report in the file is not a waiver of the party's right to cross examine the person who made that report. The question of waiver of the right of cross examination has been mentioned in a California case as follows:

"While petitioner, by his original petition here, presented several questions, at the oral argument he expressly abandoned all of them other than the question as to whether or not he was deprived of due process by the commission's failure to grant him the right to cross-examination of the rating expert. The sole question presented here is, therefore, did petitioner waive that right? We have reached the conclusion that he did not.

" 'A waiver of a right cannot be established without a clear showing of an intent to relinquish such right, and doubtful cases will be decided against a waiver', Greninger v. Fischer, 81 Cal. App.2d 549, 554, 184 P.2d 694, 697; nor will a waiver be presumed or implied contrary to the intention of a party whose rights would be injuriously affected, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended. Craig v. White, 187 Cal. 489, 498, 202 P. 648." John Roberson v. Industrial Accident Commission of California, 146 Cal.App. 2d 627, 304 P.2d 202 at page 203 (1956).

While we would have been happier had petitioner made his objections earlier, still he did request a continuance at the hearing on 6 August, and construing both the acts and the rules liberally in favor of the petitioner, we feel that the Commission

**224**

should have granted petitioner that continuance.

It is therefore ordered that the award be set aside.

DONOFRIO, J., and MELVYN T. SHELLEY, Superior Court Judge, concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge MELVYN T. SHELLEY was called to sit in his stead and participate in the determination of this decision.