409 P.2d 595

William Scott HANNON, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, et al., and Howard P. Foley Co., Jelco Inc., and Ets Hokin Inc., Respondents.

No. 1 CA–IC 51.

Court of Appeals of Arizona.

Jan. 7, 1966.

Alan Philip Bayham, Phoenix, for petitioner.

Robert Park, Chief Counsel, Joyce Volts, Phoenix, for respondent Industrial Commission.

DONOFRIO, Judge.

This is an appeal by writ of certiorari brought by the claimant, William Scott Hannon, protesting the findings and award of the Commission issued May 21, 1965.

The claimant was a journeyman electrical lineman when he suffered a compensable accident on September 1, 1962, which resulted in an injury to his back. He received compensation and therapy for 11½ months, until he was discharged by his attending orthopedic specialist with a determination of no permanent disability.

Claimant filed a petition to reopen his case in the spring of 1964, alleging he needed additional medical benefits. Two hearings were held, on April 9, 1964 and December 9, 1964. On December 12, 1964, claimant suffered a second compensable accident resulting in an injury to his back, which was filed as a second claim and processed as such by the Commission.

May 21, 1965 the Commission issued its award and findings on claimant's petition to reopen his first claim. The findings were as follows:

"FINDINGS

1. That said applicant is entitled to accident benefits through August 17, 1963 and for consultation of January 13, 1965.

2. That the evidence as of the hearing of December 9, 1964 sustains the Findings and Order of July 7, 1964.

3. That any disability from which the applicant may be suffering is due to the second injury of December 12, 1964.

ORDER

It is ordered that the Findings and Order heretofore entered on July 7, 1964 be affirmed except amended to provide accident benefits to cover the group consultation of January 13, 1965. It is further ordered that any

disability from which the applicant may be suffering is due to the second injury of December 12, 1964."

The issue raised by the petitioner on appeal is whether the Commission acted arbitrarily and contrary to law and fact in finding that petitioner's injury was not resulting from the original injury of September 1, 1962, but from that of December 12, 1964.

The last hearing granted the petitioner was held December 9, 1964. The second accident and injury had not yet occurred on that date. Evidence or facts received or occurring after the date of the hearing can not be the subject of the Commission's consideration in arriving at Findings and Award based on that hearing. As we stated in Avenente v. Smouse, 1 Ariz. App. 24, 398 P.2d 932 (1965):

"[T]he Arizona Supreme Court has stated on more than one occasion that when the Commission makes an award, it is acting judicially and is therefore bound to follow the general principles of law. Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745 (1938), Barber v. Industrial Commission, 47 Ariz. 294, 55 P.2d 654 (1936). The Arizona Supreme Court has also stated on more than one occasion, that the parties have the right of cross examination, Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1945), Simpkins v. State Banking Department, 45 Ariz. 186, 42 P.2d 47 (1935)." 398 P.2d 934.

The Commission acted arbitrarily and contrary to the law in basing its Findings and Award upon matters which were not properly before it. The petitioner was not accorded his right to object to the admission of these matters in evidence, nor was he permitted to cross examine.

The findings and award of May 21, 1965 are hereby set aside.

STEVENS, C. J., and JOHN A. McGUIRE, Superior Court Judge, concurring.

NOTE: Judge James Duke Cameron having requested that he be relieved from consideration of this matter, Judge John A. McGuire was called to sit in his stead and participate in the determination of this decision.