429 P.2d 8

Ted R. DAVIS, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondents,

Merritt Chapman and Scott Corporation,
Defendant Employer.

No. 1 CA–IC 126.

Court of Appeals of Arizona.

June 16, 1967.

Rehearing Denied July 31, 1967.

Review Granted Oct. 3, 1967.

:..Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Shimmel, Hill, Kleindienst & Bishop, by Phil B. Hammond, Phoenix, for respondent Merritt Chapman and Scott Corporation.

Robert K. Park, Chief Counsel, Phoenix, by Spencer K. Johnson, Tucson, for respondent Industrial Commission of Arizona.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona issued 22 November 1966 denying a rehearing and affirming a previous award for unscheduled permanent partial disability as to the petitioner Ted R. Davis.

The claimant suffered two industrial accidents. He lost the distal half of his right index finger by traumatic amputation on 19 May 1960. He had previously lost three fingers on his left hand in a childhood accident, therefore the industrial amputation was considered as an unscheduled injury. This is Industrial Commission cause number GU 19. The second industrial incident occurred on 21 May 1964 when a gusset plate fell 30 feet, hitting him on the head and causing injury to his cervical spine. This is Industrial Commission cause number AZ 20408.

The claimant's first claim (GU 19) was closed with an award issued 30 September 1960, which found that claimant suffered no loss of earning capacity as the result of the amputation of his right index finger. He filed a petition to reopen this claim in June 1965. A hearing was held on 14 October 1965, at which time evidence was taken on both of claimant's industrial claims.

The Commission issued the award complained of, disposing of case GU 19 (the amputation) only in November 1966. The award contained the standard clause giving any aggrieved party 30 days in which to seek a writ of certiorari with which claimant complained. This writ of certiorari concerns GU 19 only and not AZ 20408 on which no award has been issued, even though the hearing and the transcript included evidence on both cases, and the issue in both cases was similar, that is, does the claimant suffer a loss of earning capacity as the result of the industrial injury?

The claimant at the conclusion of the hearing requested the opportunity to cross-examine the authors of any reports contained in the file which the Commission might take into consideration in reaching its decision (including those reports that might be filed after the hearing). His motion was denied. The referee took the position that the burden is upon counsel to examine the file and to subpoena any persons he wishes to cross-examine, otherwise he waives his right to cross-examine them. The referee stated:

"At this time we will deny Mr. Ollason's request to cross-examine every person who has had anything to do with any report in this file. I have know (sic) way of knowing what documents in there the Commission will rely upon in reaching their decision. I don't think the Commis-

sioners themselves know until such time as they have all the file and transcripts before them in reaching consideration of this matter."

Counsel for the claimant stated:

"My position is that I cannot look into the minds of the Commissioners to determine what they are or what they are not going to take into consideration from this file, therefore, I demand the right to cross-examine everyone that has put anything in that file until I am informed to the contrary by the Commission."

Counsel's position has been sustained by the Supreme Court and by this Court. The Supreme Court discussed the proper manner to be used by the Commission to put in evidence information from investigative reports:

"* * * While the rule in favor of the admissibility of hearsay testimony in compensation cases has been well established in this jurisdiction, we think such hearsay testimony, to be admissible, must be presented in such a manner that a petitioner has the opportunity to cross-examine and go fully into the matter before the commission may base an award thereon in whole or in part, and that these confidential reports cannot be considered as evidence upon which a final award at a rehearing can be founded. It follows that a petitioner is not entitled, as a matter of right, to an examination thereof before a rehearing. It further follows that, if it appears that, in order to sustain a finding of the commission made at a rehearing, it is necessary that we resort to such confidential reports, we must hold that the finding is not sustained by the evidence." Simpkins v. State Banking Dept., 45 Ariz. 186, 42 P.2d 47 (1935).

This rule was reiterated in Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1954) wherein our Supreme Court stated:

"The petition for rehearing sought the opportunity to cross-examine witnesses.

He is given this right by the commission's Rule 30 when a question of fact is involved. He is given this right by decision of this court if the commission is to use as evidence reports of investigators and doctors or ex parte affidavits. (citations omitted) We know not, nor under the circumstances could the petitioner know, whether or to what extent this class of hearsay evidence was used by the commission in making the new award without the right to cross-examine." 78 Ariz. 112, 114, 276 P.2d 534, 535.

We emphasized this position in Avenente v. Smouse, 1 Ariz.App. 24, 398 P.2d 932 (1965) when we said:

"It is up to the Industrial Commission to provide proper safeguards for the introduction of evidence, and receiving of testimony in its hearings. It is not up to the petitioner to find and bring to the hearing the witness for cross-examination, it is up to the Commission to do so if it intends to use such evidence upon which to base its decision." 1 Ariz.App. 24, 26, 398 P.2d 932, 934.

In considering the factual basis in support of the workman's petition for rehearing or the award of the Commission in this case we have restricted our examination of the file forwarded to us by the Commission to the transcript of the proceedings at the one formal hearing which was held. The witnesses who testified at that hearing were the only ones petitioner was afforded an opportunity to cross-examine, and therefore if the evidence there produced was not sufficient to reasonably support the award of the Commission, it would be necessary for us to set that award aside.

It is the opinion of the Court that the evidence produced at the formal hearing reasonably supports the award of the Commission as to claim GU 19. As to claim AZ 20408 there is nothing before the Court at this time, even though the hearing concerned both claims and at the hearing emphasis was understandably placed upon the

more grave injury which produced the greater disability (AZ 20408). The petitioner did not sustain his burden of proving the facts necessary to reopen claim GU 19.

The award is therefore affirmed.

DONOFRIO and STEVENS, JJ., concur.