437 P.2d 647

Ted R. DAVIS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and Merritt-Chapman and Scott Corporation, Defendant Employer, Respondents.

No. 9075–PR.

Supreme Court of Arizona.

In Banc.

Feb. 21, 1968.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Shimmel, Hill, Kleindienst & Bishop, by Phil B. Hammond, Phoenix, for respondent, Merritt-Chapman and Scott Corporation.

Robert K. Park, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, and Robert D. Steckner, Phoenix, for respondent The Industrial Commission of Arizona.

LOCKWOOD, Justice.

Claimant Davis brought his writ of certiorari in the Court of Appeals to challenge the lawfulness of an award and findings of the Industrial Commission. The Commission had affirmed its previous award which denied claimant compensation for loss of earning capacity and allowed only compensation for unscheduled permanent partial disability. The Court of Appeals affirmed the award, and found that the evidence reasonably supported the Commission's findings and award. Davis v. Industrial Commission and Merritt Chapman and Scott Corp., 5 Ariz.App. 557, 429 P.2d 8 (1967). The opinion of the Court of Appeals is in part disapproved.

The Industrial Commission of Arizona has brought its petition for review here for the purpose of objecting to certain state-

ments which appear in the Court's opinion. The Commission's objection is that "the opinion * * * reflects a mistake of law and a mistake of fact with respect to the right of cross-examination and the conduct of administrative proceedings".[1] We granted the petition for review on October 3, 1967, to examine that contention.

The positions advanced by the parties on the issue of cross-examination are best set forth by referring to the transcript of proceedings before the Commission of October 14, 1965 wherein the following colloquy took place between Mr. Ollason, counsel for claimant, and the referee. After the substantive aspects of the hearing had been concluded, Mr. Ollason stated:

"One further thing I want understood, and that is that the claimant would want the opportunity to cross-examine any authors of any reports, investigative reports, medical reports that the Commission would take into consideration in rendering a decision in this matter.

Mr. Mohr, counsel for the employer, interjected:

"I think the Commission takes into consideration all the matters contained in the file. If the claimant is desirous of examining any of the writers or drawers of anything in the file, I think there is no problem. Unless that is not what you meant.

Mr. Ollason:

"That is what I meant. I want it understood that it is my position that if the Commission takes into consideration anything in that file that I have not had the right to cross-examine on, then I would expect to have that right at any continued hearing.

Mr. Johnston, counsel for the Commission, then replied:

"Mr. Referee, I think it has been stated fairly accurately that the Commission will certainly take into account that which is in the file. Everything that is in the file, I assume, would be considered by the Commission, and I think it can be shown that the file is here to stay. Mr. Ollason has the opportunity to examine it, and if he desires to cross-examine certain people he should make such desire that he has known to the Commission.

Mr. Ollason:

"Very well. So there won't be any question in anybody's mind, I want to cross-examine every person that has put anything in this file. It is my further position that I think to save time and effort for everyone involved, if the Commission is not going to take into consideration everything in the file that only the documents and only the parties who are authors of any documents that they do take into consideration would I want the opportunity to cross-examine.

\* \* \* \* \* \*

Referee:

"Mr. Ollason, I grant your request.

Mr. Ollason:

"Thank you, sir.

Referee:

"You designate every single man you would want, and send us a list.

\* \* \* \* \* \*

"This hearing is closed today, and your request will be granted, and further hearing will be granted upon receipt from Mr. Ollason of the names of all witnesses he desires to cross-examine.

Mr. Ollason:

"My position is that all the names are contained in the file, and I will request at this time that the Commission issue subpoenas for everybody whose name is in the file *if they are going to take into consideration any of their documents that are in that file."* (Emphasis added.)

The referee inquired whether counsel had examined the file prior to the hearing, and asked if counsel in the exercise of reason-

---

1. Respondent Industrial Commission's motion for rehearing, filed June 30, 1967, 1 CA–IC 126.

able professional diligence could have determined what documents and witnesses would have direct bearing on the Commission's decision. Counsel refused to retreat from the position that claimant had a perfect right to make the request to cross-examine in the manner in which he phrased it. After an off-the-record discussion, the referee denied counsel's request. He stated that counsel had had the opportunity to examine the file and to request subpoenas for the persons who had anything to do with any report in the file; and in the absence of a request for such subpoenas, the claimant would be deemed to have waived the right to cross-examine.

This issue, as well as the issue of the right to compensation, was argued by claimant in the Court of Appeals. In discussing the matter of the right to cross-examine, the Court stated:

"Counsel's position has been sustained by the Supreme Court and by this Court."

The Commission objects to this statement of the law, and with this objection we concur.

■ We emphasize here that the *right* to cross-examine witnesses in a proceeding before the Industrial Commission must be distinguished from the *opportunity* to cross-examine to the extent that though the right can be waived by the claimant, the opportunity cannot be restricted or denied claimant by the Commission. With that being the framework of inquiry, the question is whether an opportunity to cross-examine has been denied the claimant in this case.

In Simpkins v. State Banking Dept., 45 Ariz. 186, 42 P.2d 47 (1935), this Court set forth the rules providing for the opportunity to cross-examine with respect to the "classes of evidence" generally before the Commission in a compensation case. The Court discussed petitioner's claim that the Commission's action was arbitrary and capricious, in that petitioner and his attorneys were not granted permission to see *confidential reports* of special examiners,

and distinguished between these and ex parte affidavits and reports of physicians, as follows:

"We are of the opinion that the commission has both the right and the duty to make independent examinations of facts concerning a claim for compensation presented to it, and to make such examinations in such manner as it may deem fit and proper, but the reports of such special examiners are not of themselves evidence, but are merely in the nature of confidential information from which the commission may secure legal and competent evidence. They are not made under oath, and are as a rule composed merely of statements of the opinion of the various examiners based on rumor, hearsay, and preliminary statements of witnesses. While the rule in favor of the admissibility of hearsay testimony in compensation cases has been well established in this jurisdiction, we think such hearsay testimony, to be admissible, must be presented in such a manner that a petitioner has the opportunity to cross-examine and go fully into the matter before the commission may base an award thereon in whole or in part, and that these confidential reports cannot be considered as evidence upon which a final award at a rehearing can be founded. It follows that a petitioner is not entitled, as a matter of right, to an examination thereof before a rehearing. It further follows that, if it appears that, in order to sustain a finding of the commission made at a rehearing, it is necessary that we resort to such confidential reports, we must hold that the finding is not sustained by the evidence.

"The second class of evidence consists of *ex parte* affidavits in regard to matters which would be competent evidence at a hearing, and the reports of physicians such as are usually made in industrial cases. Findings may be based upon such reports at preliminary awards, and we will sustain an award made thereon, provided always that in such a case,

if the petitioner seeks a rehearing, the rehearing must be granted him, except where applicant has expressly or tacitly consented to try his case on such affidavits or reports, and he must have the opportunity to subpoena the parties making such affidavits and reports for the purpose of cross-examination. Edens v. L. E. Dixon Construction Co. [42 Ariz. 519, 27 P.2d 1107]." 45 Ariz. at 191–192, 42 P.2d at 48–49 (1935).

In the later case of Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1954), the issue was whether the Commission had a duty to reconsider all the issues of fact and take new testimony, if such was available, when an award has been set aside by this Court. In holding that this was the duty upon the Commission on a rehearing it was further noted that the opportunity to cross-examine as required by *Simpkins,* supra, had to be made available to the claimant at such a hearing. Rule 30 of the Rules of Procedure before the Industrial Commission (1963), embodies the requirements of *Simpkins* and *Schnatzmeyer.* It provides:

"A formal hearing will be held only in case there be a question as to the facts, and when circumstances are such that a hearing affords the most convenient and satisfactory means of determining the facts. Provided, however, that any party aggrieved by an award shall be granted a formal hearing at which he shall be afforded an opportunity to present further material evidence and cross-examine any person who has given any evidence in the matter."

The opportunity to demand and to have a hearing to cross-examine must be available to the claimant. Dustin v. Industrial Commission, 43 Ariz. 96, 29 P.2d 155 (1934). The case of Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965) proves most instructive in this matter. The Commission in that case had made an award first in May of 1961. In April of 1962 it affirmed the award, after request for rehearing. Petitioner claimed that the Commission erroneously based its final award on an unsworn statement of doctors whom petitioner had no opportunity to cross-examine. We affirmed petitioner's right of cross-examination but noted that petitioner had notice of the doctor's statements and made no request for further hearing to cross-examine.

■ Claimant contends that he cannot be required to designate with specificity witnesses and reports where he does not know what reports or testimony will be persuasive to the Commission's decision and award. Claimant has misconstrued his legal position. The rules of *Simpkins* and *Parsons,* supra, make it clear that claimant may apply for a rehearing in the event the Commission has before it statements or other matter of which claimant had no opportunity to cross-examine. And, the Commission's Rule 37 is the vehicle for obtaining such rehearing:

"Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof * * * within twenty (20) days after the service of the award or the decision complained of * * *." And see A.R.S. § 23–945, subsec. A (1956).

The very existence of the right to apply for a rehearing saves a claimant from possible prejudice or surprise and vouchsafes his right to a fair hearing on the merits. Waller v. Howard P. Foley Co., 90 Ariz. 337, 367 P.2d 795 (1961). It would be error for the Commission to deny a rehearing under such circumstances. The case of Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958) extends to a claimant the protection of a rehearing after a rehearing if he can show grounds which would entitle him to a second rehearing. This Court held:

"The question then arises whether the Commission has jurisdiction to further reconsider its decisions. As to this, the answer must be in the affirmative. The power to reconsider is inherent in the power to decide. [Citations omitted.]

The Commission had the jurisdiction to entertain the second motion and the power to grant or deny it. The granting of a first motion to rehear the award has the effect of setting aside or vacating that award and when on rehearing the cause on its merits, the subsequent award supersedes the former. An aggrieved party has the same right to move against it as he had the right to move against the former award. When a second or a subsequent motion for rehearing is applied for, the Commission need not grant the motion but may deny it. [Citations omitted.] While a party has the privilege of applying for a second rehearing, he is not compelled to do so in order to exhaust his administrative remedies." 83 Ariz. at 327, 320 P.2d at 954.

And see, State ex rel. Church v. Arizona Corporation Commission, 94 Ariz. 107, 382 P.2d 222, which reaffirms the theory of when administrative remedies have been exhausted. Therefore, should a second application for rehearing be denied, claimant could then pursue his right to apply for certiorari pursuant to § 23–951 A.R.S. (As amended, 1964).

■ The position advanced by the claimant is not unlike that which was advanced in the case of Industrial Commission v. Holohan, 97 Ariz. 122, 397 P.2d 624 (1964); but in *Holohan* the question was whether a defendant employer, being sued by the Commission as a third party tort feasor pursuant to A.R.S. § 23–1023, could compel the Commission to produce the claims file by a motion under Rule 34, Rules of Civil Procedure, 16 A.R.S. (1956). The employer contended that the designation of the particular file was of sufficient specificity to satisfy the requirements of Rule 34. This Court held, however, that though the employer's motion did with specificity desig-

nate a category of records, it nevertheless was far too broad and sweeping in its language to satisfy the Rule.

"The essential factor is that the category itself be sufficiently defined to the end the parties and the court may understand with certainty the nature of the demand." 97 Ariz. at 125, 397 P.2d at 626.

In the same regard, therefore, we are not persuaded that counsel for the claimant has with sufficient specificity conveyed to the Referee and the Commission the names of those persons he desired to cross-examine. The obvious import of counsel's request at the hearing, particularly in light of his statement

"* * * [I]f the Commission is not going to take into consideration everything in the file that only the documents and only the parties who are authors of any documents that they do take into consideration would I want the opportunity to cross-examine."

was to require the referee to take a position, before the fact, which would have placed the referee in the decisive role of the Commission he served, and which would have circumscribed the Commission's permissible scope of inquiry into the matter.

■ We hold that the claimant must designate the witnesses upon whom he wishes to exercise the right of cross-examination. Rule 29 [2] of the Industrial Commission makes the claimant's file a matter of public record for the parties to the proceedings, and counsel for a claimant is presumed to have notice of the contents thereof. Certainly, items or documents which are placed in the file after a hearing but before the award are always subject to a claimant's right and opportunity for cross-examination unless he specifically elects to forego that right and opportunity. The duty upon claimant is to

2. "The files of the Commission will be open for inspection by all parties to the proceedings only, and they are deemed to have notice of all reports and other documents filed therein. Every party is deemed to admit the truth and cor-

rectness of every material fact or statement contained in any report or document on file, unless a written objection to or denial of such fact or facts be made and filed with the Commission."

exercise reasonable diligence to keep current with the file, just as would any civil litigant have a similar duty to keep abreast of his case in the courts of this state. We are satisfied that claimant has foregone his opportunity for cross-examination as to the matters which were in the file and certified to this Court for review.

Moreover, an examination of claimant's file by this Court discloses evidence sufficient to support the award made by the Commission. Southwest Forest Industries v. Industrial Commission, 96 Ariz. 91, 392 P.2d 506 (1964).

That portion of the opinion of the Court of Appeals as hereinabove discussed is hereby disapproved, and the award is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.