473 P.2d 460

**Thomas L. ABOUNADER, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Northeast Construction Company of West Virginia, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 265.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 10, 1970.

Rehearing Denied Oct. 13, 1970.

Review Denied Dec. 8, 1970.

————◆————

Gorey & Ely by Stephen S. Gorey, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by A. B. Parsons, Phoenix, for respondent, State Compensation Fund.

EUBANK, Presiding Judge.

The sole question raised for review is whether or not the Industrial Commission provided the petitioner with the opportunity to cross-examine two of respondent-employer's employee witnesses. A review of the record shows that they did and we affirm the award.

The record shows that an informal award was made on December 13, 1965, denying petitioner's application for compensation. He then employed counsel who filed a timely request for a formal hearing pursuant to Commission Rules 35, 37 and 38. This hearing was held in Phoenix on July 5, 1966 where testimony was taken. Due to the unavailability of two employee witnesses of the respondent-employer the Referee took the Commission's motion for a continuance under advisement pending the receipt of a letter from one of the witnesses, and then continued the hearing. The expected letter was received by the Commission on August 2, 1966; it was signed by the respondent-employer's project Manager M. S. Dunlap and dated July 20, 1966. The import of the letter was

that the petitioner was not on an assignment for the employer when he was injured in an automobile accident while returning to his home.

A notice of hearing was then served on all parties for a hearing to be held on November 10, 1966, at Window Rock, Arizona. Seven days prior to the hearing, counsel for the petitioner filed a protest stating, *inter alia,* that resetting the hearing in Window Rock, some 341 miles away from the Industrial Commission office in Phoenix, constituted an unfair and indefensible burden upon the petitioner, and indicated that the financial burden was primary. Notwithstanding the protest, the hearing was held as scheduled and neither the petitioner nor his counsel were present at Window Rock to cross-examine the two witness employees of the respondent-employer. (It should be noted, however, that neither witness resided within the state nor was subject to the Commission's subpoena power. They apparently voluntarily agreed to testify at Window Rock which was closer to their work and residence, although the record is not explicit on this point.)

On November 18th, following the hearing the Referee filed his report to which petitioner filed his objections raising again the failure of the Commission to provide him with the opportunity to cross-examine the two witnesses. On December 8, 1966, the Referee wrote petitioner's counsel regarding his original protest and objections to the Referee's Report and proposed the following procedure to resolve the cross-examination question:

"My purpose at this time is to ask if you wish the opportunity of cross-examing (sic) Mr. Shepherd and Mr. Dunlap. If you do want the opportunity of so doing, a serious problem again presents itself, in that their attendance at a Phoenix hearing would be no more likely at this time than it was before. Assuming that you do want to cross-examine them and assuming further that inasmuch as they reside in Gallup, New Mexico, it would not be possible for them

to come to Phoenix, the only other alternative would be to once again schedule a hearing in Gallup or Windowrock for said purpose. If this is the only feasable (sic) means of accomplishing an opportunity for cross-examination, the question arises of whether your client is financially able to have you represent him in one of those cities. I trust he is not since you were not present at the 11–10–66 hearing. In that event, upon receipt from you of an appropriate request, I would present the matter to the Commission in an effort to obtain authorization for the payment by the Commission of your travel expenses incurred in connection therewith.

Should this be your desire, I suggest that you submit to me the following: A pleading entitled Request for Cross-Examination, demanding the opportunity to cross-examine the two witnesses named above. Further, an Affidavit from your client of his financial inability to have you represent him in Gallup, New Mexico or Windowrock, Arizona. And lastly, your request that the Commission approve and authorize the reimbursement of your travel expenses incurred in connection therewith. Upon receipt of the aforementioned, I would be happy to present the same to the Commission with my recommendation that the same be approved. I can give you no assurance of what their position would be."

Counsel did not reply to this letter. On January 11, 1967, the Referee sent a follow-up letter to petitioner's counsel requesting that he reply to his December 8th letter of the prior year. Counsel for the petitioner did not reply to this letter either. Over one month later, the Referee advised the Commission of these facts and suggested that the matter be submitted to it for its decision. The recommendation was approved and on March 10, 1967, the Commission entered its findings and award denying petitioner compensation on the basis that he had failed to sustain his burden of proof that his injury arose out of and in the course of his employment.

On April 20, 1967, the petitioner filed a timely petition for rehearing. This petition contained a Commission Rule 38 statement of grounds which did not include therein the denial of the opportunity to cross-examine the two witnesses who testified at Window Rock. Thereafter, a stipulated hearing date was set on November 7, 1967 at Phoenix. The hearing was held but the record shows that the petitioner failed to make a written application to the Commission under its Rule 35 [1] for it to issue subpoenas to compel the appearance of the two witnesses for the purpose of cross-examination.

Following the hearing, on March 15, 1968, the Referee filed his report recommending that the Commission affirm its prior award of March 10, 1967, denying petitioner compensation. No objection was filed by petitioner and the award affirming its March 10 award was made by the Commission on April 15, 1968. This award contained the 20-day clause. Petitioner filed a timely "Notice of Protest of Award" and "Protest of Decision", which was treated by the Commission as a Rule 37 motion for rehearing, and which was denied by Commission order on June 4, 1968. Petitioner then applied to this court for a writ of certiorari to review the lawfulness of the June 4th order and the April 15th award, as authorized by A.R.S. § 12–120.21, subsec. A(2) (1964), which was granted.

It is petitioner's position that he must be given an opportunity to cross-examine all witnesses and that the Commission's failure to produce the two witnesses for that purpose requires that this court set aside the award. The principle involved is well-established law in Arizona and is really not contested in the briefs filed by the parties. See Davis v. Industrial Commission, 103 Ariz. 114, 117, 437 P.2d 647 (1968) cited as authority by all parties. However, this case does not turn on that precise question. The immediate question is whether or not the petitioner was under any obligation to request the opportunity to cross-examine the two witnesses at the second formal hearing held on November 7, 1967. We are of the opinion that he was and his failure to do so precludes him now from relying upon the issue he advances in this case. Two cases primarily lead us to this conclusion: the first is Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), and the second is Davis v. Industrial Commission, supra. The Russell case is important in restating the relationship between successive hearings. First, citing Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352 (1960), the court affirmed the Commission's power to make an award without a hearing, so long as a full and impartial hearing is granted to a dissatisfied party upon his filing a timely protest; Second, citing Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958) the court confirmed that the granting of the *first* motion to rehear the award had the effect of setting aside or vacating the award and that when the rehearing of the cause was on its merits the subsequent award supersedes the former award; Third, the court reaffirmed that the burden of proof at the rehearing is on the petitioner to establish a compensable disability within the provisions of the Workmen's Compensation Act; and Fourth, that where a timely protest or petition for rehearing was not filed then the award becomes *res judicata*.

---

1. Industrial Commission Rule 35:

"35. Compelling Attendance at Hearings:—Any party desiring the Commission to issue a subpoena to compel the appearance of a witness at any hearing shall make written application therefor, stating the substance of the testimony expected of the witness. If such testimony appears to be material and necessary, a subpoena will be supplied. The affixing of the seal of the Commission and the signature of a Commissioner, the Secretary, assistant secretary, or a referee, shall be sufficient attestation of the same. Service of such subpoena must be made at the expense of the party applying for the same, and may be made by any peace officer or other person over the age of eighteen (18) years in the same manner as in any civil action. See: Rule 46, post."

**538**

Applying these rules to the case at bar the December 13, 1965, informal award was "set aside or vacated" by the filing of the Protest and Request for hearing. The formal split hearing of July 5, 1966, at Phoenix, and November 10th at Window Rock, resulted in the formal award of March 10, 1967, which became the "award". At this point the Russell case and the instant case take different roads— no petition for rehearing was filed in Russell and the award became final and *res judicata*, but in this case a *second* timely petition for rehearing was filed which contained a Commission Rule 38 [2] statement of grounds which did not include the claimed error of failure to provide the opportunity to cross-examine the two witnesses. In the recent case of German v. Industrial Commission, 12 Ariz.App. 301, 469 P.2d 867, 873 (1970), Judge Stevens noted that the Russell case had avoided a clear conflict between its decision and Commission Rule 38, and said: "We are not called upon in this case to consider the effect of Russell upon Commission Rule 38 in a situation where there is a petition for a *rehearing* (not the initial hearing) which petition for rehearing is addressed to an award which was entered after a formal hearing." In the case at bar, however, the German question can no longer be avoided. It is our opinion that Commission Rule 38 is fully applicable to a petition for rehearing

from an award ordered pursuant to a formal hearing and that Russell does not preclude its applicability. Our view is reinforced by Davis v. Industrial Commission, supra. In Davis the hearings were similar to the case at bar in that the Commission affirmed its previous award denying compensation, following a second hearing. The petitioner, in Davis, demanded at the hearing the opportunity to cross-examine the authors of, " * * *' any reports, investigative reports, medical reports that the Commission would take into consideration in rendering a decision * * *." The referee granted his request subject to his listing the specific witnesses that he wished to cross-examine; he refused to do so and at p. 115, in 103 Ariz., at p. 648 in 437 P.2d, the Supreme Court continued its factual presentation as follows:

" 'The referee inquired whether counsel had examined the file prior to the hearing, and asked if counsel in the exercise of reasonable professional diligence could have determined what documents and witnesses would have direct bearing on the Commission's decision. Counsel refused to retreat from the position that claimant had a perfect right to make the request to cross-examine in the manner in which he phrased it. After an off-the-record discussion, the referee denied counsel's request. He stated that counsel had had the opportunity to examine

---

2. Industrial Commission Rule 38:

"38. Grounds for Rehearing Must Be Set Forth:—Such application must be verified on oath, and must set forth specifically and in detail the grounds on which the applicant therefor considers such award or decision to be unjust or unlawful and every issue to be considered by the Commission.

(a) If the grounds upon which such rehearing is requested are that the evidence does not justify the findings or that the findings do not support the decision or award, the application for rehearing shall state specifically wherein the findings are not supported by evidence, or wherein the decision or award is not justified by the findings.

(b) Every ground or complaint, or defense, to such award or decision not so

specified in such petition shall be deemed fully and finally waived.

(c) Where the applicant for such rehearing desires to introduce new evidence, the application shall set forth specifically and in detail the nature and substance of the new evidence, with the names and addresses of the witnesses to be produced, the exhibits to be introduced, and a full statement why such evidence, exhibits or testimony could not have been produced prior to the rendering of the award or decision, with the exercise of reasonable diligence. Such offer of new evidence may be disregarded unless this rule is complied with. See: A.R.S. Secs. 23–105, 106, 922 and 23–941 and 23–942."

the file and to request subpoenas for the persons who had anything to do with any report in the file; and in the absence of a request for such subpoenas, the claimant would be deemed to have waived the right to cross-examine.' "

The court held:

" * * * that the claimant must designate the witnesses upon whom he wishes to exercise the right of cross-examination. Rule 292 [3] of the Industrial Commission makes the claimant's file a matter of public record for the parties to the proceedings, and counsel for a claimant is presumed to have notice of the contents thereof. Certainly, items or documents which are placed in the file after a hearing but before the award are always subject to a claimant's right and opportunity for cross-examination unless he specifically elects to forego that right and opportunity. The duty upon claimant is to exercise reasonable diligence to keep current with the file, just as would any civil litigant have a similar duty to keep abreast of his case in the courts of this state. We are satisfied that claimant has foregone his opportunity for cross-examination as to the matters which were in the file and certified to this Court for review."

In Davis the petitioner apparently was of the opinion that the magic words "opportunity to cross-examine" freed him from his burden of proof at the rehearing of a formal award. The holding by the Supreme Court quoted above, we believe, puts this view to rest. In the case at bar, as in Davis, the petitioner had the burden to raise the cross-examination issue, under Commission Rule 38, supra, and to make a written application to the Commission under its Rule 35, supra, to compel the attendance of the witnesses he desired to cross-examine in order to preserve his

claimed error. By his failure to do so, as in Davis, he waived his right to cross-examine the two witness employees of the respondent-employer.

We have reviewed the claimant's file, and in addition to the foregoing, we agree with the Commission that the petitioner failed to sustain his burden of proof that his injury arose out of and in the course of his employment.

With our holding we do not reach petitioner's contention that our decision in Jones v. Industrial Commission, 1 Ariz. App. 218, 401 P.2d 172 (1965), requires that a party entitled to the right or "opportunity" for cross-examination should not be compelled to expend money or effort in obtaining that "opportunity."

Award affirmed.

HAIRE and JACOBSON, JJ., concur.

---

3. 2. "The files of the Commission will be open for inspection by all parties to the proceedings only, and they are deemed to have notice of all reports and other documents filed therein. Every party is deemed to admit the truth and correctness of every material fact or statement contained in any report or document on file, unless a written objection to or denial of such fact or facts be made and filed with the Commission."