THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order, contending that the deputy commissioner (deputy) erred in awarding temporary total disability (TTD) benefits for the period from September 18, 1980 to October 2, 1980, and in awarding penalties and interest, and attorney’s fees thereon, for TTD benefits voluntarily but untimely paid for the period from October 2, 1980 to November 26, 1980. We affirm both awards.
Claimant suffered a compensable low back injury on December 6, 1977, and has received TTD benefits intermittently since that date. On September 18, 1980 claimant’s treating physician released him to return to work, whereupon claimant immediately reported to the employer. However, the company doctor was absent that day and the employer refused to permit claimant to return to work until his return had been approved by the company doctor. The claimant testified that during the evening of September 18, 1980 he suffered an *294 exacerbation of his low back injury, and that when he reported to work on September 19 the company doctor would not allow him to resume his duties. Claimant was unable to obtain a return appointment with his treating physician until October 2, on which date the treating physician found him to be again disabled. Under these circumstances, and in the absence of a specific and timely objection to claimant’s testimony, we deem the claimant’s testimony that the company doctor would not let him work to be competent substantial evidence that he was TTD after September 18, 1980.
On November 26, 1980 the E/C accepted the claim for TTD benefits and voluntarily paid the benefits due for the period from October 2 to November 26. We agree with the E/C’s contention that at least a portion of the benefits due for this period was timely paid and that the deputy’s award of penalties, interest, and attorney’s fees on the entire amount was erroneous. However, this error could and should have been corrected by timely application to the deputy before the order became final. Accordingly, we deem the error inconsequential and affirm on the authority of and for the reasons expressed in Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
AFFIRMED.
MILLS, J., concurs.
WENTWORTH, J., concurs with written opinion.