Troy Edmond RUSSELL, Appellant,

v.

The STATE of Oklahoma ex rel. Gerald GRIMES, Insurance Commissioner, Appellee.

No. 59027.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 11, 1983.

Released for Publication by Order of the Court of Appeals Nov. 14, 1983.

Edmond F. Geary, Jr., Robert B. Smith & Associates Oklahoma City, for appellant.

Bert E. Marshall, Asst. Gen. Counsel, Oklahoma City, Oklahoma Ins. Com'r, for appellee.

BRIGHTMIRE, Presiding Judge.

Plaintiff, an insurance agent, seeks reversal of a district court judgment affirming the order of defendant state insurance commissioner revoking his license to act as an insurance agent in this state. We affirm.

I

Notice was given plaintiff, Ed Russell, of a license revocation hearing that was held before the insurance commissioner on May 15, 1981. Plaintiff was present with his lawyer. During the hearing the commissioner received in evidence an order that had been made by the U.S. Bankruptcy Judge January 23, 1980, in connection with plaintiff's bankruptcy petition. In his order the bankruptcy judge found that plaintiff had received a check for $3,000 from a Mr. Megli which he held in trust for Republic National Life Insurance Company. It was given for the purchase of an annuity. Plaintiff did not forward the check to Republic but indorsed Republic's name on the check and deposited it in an Edmond, Oklahoma, account which plaintiff maintained under the name of United Agency. The bankruptcy judge further found that plaintiff owed Republic $3,000 and that "the debt ... was created by [Russell's] fraud, embezzlement or defalcation while acting in a fiduciary capacity" and that therefore the "debt is not dischargeable under ... the Bankruptcy Act."

The commissioner also received evidence that Republic had written Russell in 1976 advising him that it would accept no more applications from him because it had had to make "over $50,000 in refunds to persons who applied for annuities through [his] agency ... because of various misrepresentations and other improper activities at the time of the sales."

Republic obtained a $63,630.46 judgment against Russell on April 3, 1978, in the district court of Oklahoma County.

After hearing the evidence the insurance commissioner concluded that Russell "has violated OKLA.STAT. tit. 36, 1412(A)(4) (1971) by misappropriating and converting to his own use money belonging to George Megli and ... Republic ...."

The order further recited that Russell "has violated OKLA.STAT. tit. 36, § 1412(A)(6) (1971) by his actions as set forth in" the paragraph dealing with the Megli transaction.

Consequently the commissioner revoked all of Russell's Oklahoma insurance licenses. The district court affirmed the order.

II

Russell contends first of all that the hearing notice issued by the insurance commissioner was defective in that it charged Russell with having violated 36 O.S.1971 § 1412(A)(4), and then proceeded to find him guilty of violating § 1412(A)(6) also. He argues this fatally transgressed 75 O.S. 1981 § 309(b)(3), the Oklahoma Administrative Procedures Act, which specifies, among other things, that the notice of hearing shall include "a reference to the particular sections of the statutes and rules involved."

Russell does not suggest he was prejudiced by failure of the notice to mention § 1412(A)(6). Perhaps this is because the commissioner complied with § 309(b)(4) and placed "a short and plain statement of the matters [to be] asserted" in the notice. The statement included reference to each of the matters found to be facts in the commissioner's order.

We see no reversible error in regard to the notice.

### III

Plaintiff's other argument is that the decision is unsupported by any competent evidence. The target of his thrust is the commissioner's founding of his finding on those of the federal bankruptcy judge. This, he says, is incompetent hearsay evidence which, because it is unaccompanied by any competent evidence, requires a reversal of the revocation order.

At least two primary questions arise from this contention. One, is the challenged statement hearsay under Oklahoma law? Two, assuming it is, is it such a vital ingredient of the commissioner's order as to require its reversal?

■ The contents of the bankruptcy court judgment is not, in our opinion, hearsay as defined by 12 O.S.1981 § 2801(4)(b)(3). This section specifies that a "statement is not hearsay if ... [it] is offered against a party and is ... a statement by a person authorized by him to make a statement concerning the subject ...." It is not disputed that Russell instituted bankruptcy proceedings and in so doing authorized, indeed requested, the bankruptcy court to determine and protect his rights under the bankruptcy act. The federal judgment grew out of and was responsive to that request.

■ There is yet another significant facet of the problem. In addition to the foregoing, § 2803(22) and (24) of the evidence code carve out an exception, as we interpret them, for statements "having equivalent circumstantial guarantees of trustworthiness" such as those contained in "a final judgment, entered after a trial or upon a plea of guilty ... adjudging a person guilty of a" felony. Such judgment may be used against the accused "to prove any fact essential to sustain the judgment ...." We think a final order issued by the United States Bankruptcy Court for the Western District of Oklahoma meets the trustworthiness equivalency test.

### IV

■ Thirdly, Russell should, since he had an unrestricted opportunity to defend against Republic's charges in the federal forum, be estopped to relitigate the same factual issues elsewhere. *Wilson v. Lee Evans Drilling Co.,* Okl., 322 P.2d 630 (1957).

### V

■ Finally, although not alluded to in the conclusion of law section of the commissioner's order, there was evidence of another judgment Republic obtained against Russell in state court in the amount of $63,630.46, which was mentioned in the notice of hearing. It alone was sufficient to sustain the commissioner's order of revocation when considered with other evidence that the major portion of the judgment was for refunds Republic had to make to various applicants because of Russell's misrepresentations in obtaining the money. Moreover, this evidence tends to corroborate the bankruptcy judge's findings and clearly demonstrates a course of conduct pursued by Russell reaching back over an extended period of time that was incompatible with the good faith and fair dealing the law requires of insurance agents.

The judgment of the district court is affirmed.

DeMIER and STUBBLEFIELD, JJ., concur.