**Richard K. FRAZIER, Petitioner,**

v.

**H.C. PRICE/CIRI CONSTRUCTION JV, Home Insurance Company and Alaska Workers' Compensation Board, Respondents.**

No. S–2902.

Supreme Court of Alaska.

June 22, 1990.

Chancy Croft, Fairbanks, for petitioner.

John J. Connors, Staley, DeLisio, Cook & Sherry, Inc., Fairbanks, for respondent H.C. Price/CIRI Const. JV, Home Ins. Co.

Deborah E. Behr, Asst. Atty. Gen. and Douglas B. Baily, Atty. Gen., Juneau, for respondent Alaska Workers' Compensation Bd.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

Richard Frazier, an injured worker, gave notice of his intention to introduce into evidence before the Alaska Workers' Compensation Board (Board) a written medical report prepared at the request and expense of his employer. After the employer asserted a right to cross-examine the authors of the report, the Board held that Frazier should bear the costs of the cross-examination. We reverse.

---

**12.** This would include the truck, lumber tree, bed, video camera, and vacuum cleaner.

## I. FACTS AND PROCEEDINGS

Richard Frazier was injured on the job when he inhaled smoke from burning polyurethane foam. His employer, H.C. Price/CIRI Construction Joint Venture (Price/CIRI), controverted his claim for compensation. Frazier filed an application for benefits and requested a hearing.

Price/CIRI requested that Frazier attend an examination at the Occupational Health Clinic of San Francisco General Hospital. After examining Frazier, the doctors at the clinic found him to be suffering from severe physical and psychological injuries from his exposure to cyanide compounds contained in the smoke inhaled during the incident. Written medical reports were submitted by them to all parties.

Frazier notified Price/CIRI that he intended to introduce in evidence the written medical reports of that examination. The next day, Price/CIRI requested that it be permitted to cross-examine the authors of the medical reports. Frazier objected to paying Price/CIRI's costs.

The Board held that under its regulations, Price/CIRI had the right to cross-examine the authors of the written medical reports at Frazier's expense. Thereafter, two clinic physicians were deposed in San Francisco. Frazier bore the costs of the depositions, including the fees of the physicians and the court reporter.

Following an unfavorable ruling by the superior court, Frazier filed a petition for review in this court, Appellate Rule 402, arguing that the Board erred in forcing him to bear the costs of the depositions.

We granted the petition for review, and requested supplemental briefing on several questions. Initially the Board filed a notice of non-participation, but following our second request for supplemental briefing it requested permission to participate, which we granted.

## II. DISCUSSION

### THE BOARD ERRED IN REQUIRING FRAZIER TO BEAR THE COST OF THE CROSS-EXAMINATION.

At the outset we note that rules and regulations applied in Board proceedings are not equally applicable in civil proceedings. Frazier was entitled to obtain a copy of employer generated written medical reports pursuant to the Worker's Compensation Act, AS 23.30.095(h). Alaska Rules of Civil Procedure 26 and 35(b), which are *not* applicable to Board proceedings, AS 23.30.-135,[1] essentially serve to exclude from discovery reports such as the one at issue here.

In *Commercial Union Companies v. Smallwood,* 550 P.2d 1261 (Alaska 1976), we held that when a party introduces a written medical report in evidence before the Board, he must provide his opponent with an opportunity to cross-examine the author of the report. *Id.* at 1266. Further, since the right of cross-examination should not carry a price tag, the party introducing the report must bear the cost of providing the opportunity for cross-examination. *Id.*[2]

The present regulations of the Board reflect this holding. Specifically, 8 Alaska Administrative Code (AAC) 45.120 (Oct. 1988) provides in part:

goal of restoring the principles of informality ... to Board proceedings." On the other hand, Frazier expressly endorses "this court's doctrine of twelve years ago [*Smallwood*] that the right to cross-examine is absolute and applicable to workers compensation litigation." (Citation omitted).

Since the controversy before us can be decided without a re-examination of *Smallwood,* and since the ramifications of any change in *Smallwood* have not been fully identified by the parties, we decline to accept the Board's invitation. For the same reasons, we express no view on the position taken by our concurring colleagues.

1. AS 23.30.135(a) provides in part:
   (a) In making an investigation or inquiry or conducting a hearing the board is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter. The board may make its investigation or inquiry or conduct its hearing in the manner by which it may best ascertain the rights of the parties.

2. Although the Board endorses our application of Alaska Rules of Evidence 801(d)(2)(C) to these written medical reports, it further invites us to re-examine *Smallwood* "with a potential

(f) Any document, including a compensation report, controversion notice, claim application for adjustment of claim, statement of readiness to proceed, petition, answer, or a pre-hearing summary, which is served upon the parties, accompanied by proof of service, and which is in the board's possession 20 or more days before hearing, may be relied upon by the board in reaching a decision unless a written request for an opportunity to cross-examine the document's author is filed with the board and served upon all parties at least 10 days before the hearing.

(g) A request for cross-examination filed under (f) of this section must (1) specifically identify the document by date and author, and generally describe the type of document; and (2) state a specific reason why cross-examination is being requested.

(h) If a request is filed in accordance with (f) of this section, an opportunity for cross-examination will be provided unless the request is withdrawn or the board determines that, under a hearsay exception of the *Alaska Rules of Evidence*, the document is admissible.

(Emphasis added).

Relying upon these sections, the Board held that Price/CIRI must be provided with an opportunity to cross-examine the clinic physicians at Frazier's expense.

Alaska Rule of Evidence 801(d)(2)(C) provides that a "statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a person authorized by him to make a statement concerning the subject."

Though no decision of this court has expressly considered the application of this rule, other jurisdictions have considered the application of identical rules in analogous circumstances.

In *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292 (9th Cir.1983) *cert. denied,* 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 259 (1983), the chairman of the board of a defendant pulp company asked an employee of a shareholder of the defendant's parent company to prepare a report on the defendant's operation. The court held that the report, which described the price structure for the purchase of logs, was admissible against the defendant under Federal Rule of Evidence 801(d)(2)(C). *Id.* at 1306–07.

In *Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir.1980), two days after the accident giving rise to the cause of action, a defendant bus manufacturer hired an accident reconstruction expert to prepare a report. The court held that the report and the experts' deposition testimony were admissible against the defendant under Federal Rule of Evidence 801(d)(2)(C). *Id.* at 782.

In *Russell v. State ex. rel. Grimes,* 672 P.2d 323 (Okla.App.1983), the defendant insurance agent appealed the admission at an agency hearing of the contents of a bankruptcy court's judgment. The court held that because the defendant, by instituting the bankruptcy proceedings, had requested that the bankruptcy court determine his rights, the judgment was admissible under 12 O.S.1981 § 2801(4)(b)(3) (identical to Alaska Rule of Evidence 801(d)(2)(C)). *Id.* at 325. *See also General Elec. Co. v. Hopkins,* 411 So.2d 292, 294 (Fla.App.1982) (Under the circumstances of the case, and in the absence of a specific and timely objection, claimant's testimony as to company physician's position is competent substantial evidence); *Argonaut Southwest Ins. Co. v. Morris,* 420 S.W.2d 760, 763 (Tex.Civ.App.1967) (Doctors to whom employer sent employee considered agents of employer. As a result, their statements concerning employee's physical condition are admissible as statements against interest.)

The reason for admitting such reports is obvious: the party that authorized the report has in effect vouched for the competence and credibility of the report's author; his need to impeach the credibility and competence of the author through cross-examination is therefore less urgent.

Alaska R.Evid. 801(d)(2)(C) applies in this case. Price/CIRI requested that Frazier submit to examination by clinic physicians of its choice. Thus it vouched for the credibility and competence of the physicians.

The regulations of the Board provide that "an opportunity for cross-examination [of a medical report's author] will be provided unless the request [for an opportunity for cross-examination] is withdrawn or the board determines that, under a hearsay exception of the Alaska Rules of Evidence, the document is admissible." 8 AAC 45.-120(h).

Arguably Alaska R.Evid. 801(d)(2)(C) is not, strictly speaking, a hearsay "exception." It is instead one aspect of the definition of "hearsay."[3] Nonetheless, the regulation clearly did not intend to require an opportunity for cross-examination in cases like this: cross-examination was to be required only when the written medical report was hearsay.

## III. CONCLUSION

We REMAND this case to the Superior Court with directions that it order the Board to vacate its order of May 6, 1988, and order Price/CIRI to reimburse Frazier for expenses incurred in providing Price/CIRI with an opportunity to depose the clinic physicians.

MATTHEWS, Chief Justice, with whom RABINOWITZ, Justice, joins, concurring.

I agree with the majority opinion's conclusion that the Board erred in requiring Frazier to pay for the costs of the depositions which were taken by Price/CIRI, but for a different reason.

The Board, in deciding that Frazier should bear the deposition costs, relied on its regulations, 8 AAC 45.120(f–h).[1] These regulations, however, are silent on the question of who is to pay the costs of cross-examining the author of a document entered in evidence. Although the Board did not cite *Com'l Union Cos. v. Smallwood*, 550 P.2d 1261 (Alaska 1976), in its decision, the Board in its brief before this court has stated that it relied on the *Small-*

*wood* case when it shifted the deposition costs to Frazier. Broadly read, *Smallwood* can be interpreted to require deviation from the general rule that the party taking a deposition pays the deposition costs. However, under a narrow, but reasonable, reading, *Smallwood* does not require cost shifting. Primarily because cost shifting has lead to litigation abuses, I believe that *Smallwood* should be given a narrow interpretation.

In *Smallwood*, an injured employee sent medical reports from his treating physicians to his employer prior to a Board hearing. The employer notified the employee that it would object to the introduction of the reports on hearsay grounds. At the hearing, the worker offered the reports, the employer objected to them, but they were received. Subsequently, the Board made an award in favor of the employee which expressly disavowed any reliance on the medical reports. The employer appealed to the superior court, which issued an order remanding the case to the Board with directions that the Board should consider the medical reports. The superior court also held that the employer had waived its right to cross-examine the authors of the reports because the employer had known about the reports prior to the hearing and could have taken steps to examine the authors, either by deposition or by compelling their attendance at the hearing.

The employer appealed the superior court's order to this court. We held that the employer had not waived its right to cross-examine the authors of the medical reports by failing to take their depositions or by failing to subpoena them for the hearing. Stating that "the right of cross-examination does not carry a price tag," we observed:

Inherent in our disposition is the requirement that the Board devise an equitable

---

**3.** The official commentary to the Alaska Rules of Evidence states that "there is no good reason to treat ... the admissions covered by subsection [801(d)(2)(C)] as non-hearsay. In fact, if these rules were written on a clean slate without reference to the Federal Rules, the admissions

would be treated as exceptions to the hearsay rule and placed under Rule 803." Alaska R.Evid. 801(d)(2) commentary.

**1.** The regulations are set forth on page 5 of the majority opinion.

procedure whereby on remand Smallwood may present his evidence without attaching a financial precondition to [the employer's] right of cross-examination. *Id.* at 1267.

For future cases we strongly recommended that "the Board adopt procedures which will fill the present procedural void relating to medical reports and the right of cross-examination." *Id.* We suggested four alternatives. Notably, none of these alternatives required the opponent to the party seeking cross-examination to pay for the initial costs thereof.

As the first alternative, we suggested, "a procedural system for medical reports similar to the one in effect for affidavits,[2] or a system requiring a notice of intention to cross-examine to be filed before the hearing when the medical reports are served upon opposing parties pursuant to the Board's current medical report rules." *Id.* at 1267–68. As a second suggestion, we noted that the Board itself might pay the costs of cross-examination:

Some statutory workmen's compensation schemes place a burden upon the hearing body itself to pay the costs of such cross-examination. Several courts have simply stated that to the extent a hearing body chooses to rely on certain information, it must assure the parties of their constitutional rights concerning the manner in which the evidence is considered. *E.g., Jones v. Industrial Commission,* [1 Ariz.App. 218] 401 P.2d 172 (Ariz.App. 1965).

*Id.* at 1268. The third suggestion was:

Another possible means of effectuating the right to cross-examination might be to simply tax the extra costs of such examination to the losing party.

*Id.* And the fourth was:

[T]estimony presented by deposition, when notice is given and adequate time for discovery allowed, could substitute for the right to cross-examine at the hearing.

*Id.* Of these four alternatives, only the second required the initial costs of cross-examination to be shifted, and, as noted, it shifted the costs to the Board. The Board chose the first alternative, promulgating the regulations cited in the majority opinion.

By adopting the regulations it did, the Board literally followed the recommendation of this court. This court did not say that the regulations had to contain a cost-shifting device, and they do not. Thus a strict reading of *Smallwood* does not compel a conclusion that the Board must construe its regulations governing the admission of documentary evidence to require the party relying on the documentary evidence to pay the initial cost of cross-examination by the opponent.

This narrow interpretation of *Smallwood* limits the language that the "right of cross-examination does not carry a price tag" to the pre-regulation "procedural void" which existed when *Smallwood* was decided. It reads *Smallwood* as requiring only that the Board devise a procedure for admitting reports while also ensuring that the opposing party has an adequate opportunity to cross-examine the authors. However, the case may also be read broadly to mandate cost shifting even after regulations are

---

**2.** In *Smallwood* we alluded to a Board rule relating to evidence in affidavit form, 8 AAC 45.120(d), which provided:

Affidavits in lieu of oral evidence:

(1) Evidence may be introduced by any party in affidavit form in lieu of oral testimony and shall be given the same effect as if the affiant had testified orally, provided that the opposing parties shall have the right, on request made prior to submission of the case for decision, to cross-examine the affiant. At the time the affiant [sic] is introduced, the board, or member shall give notice of the right to cross-examination and copies shall be delivered to the opposing parties.

(2) Prior to the hearing, any party may mail or deliver any affidavits to the opposing parties, together with a notice that it is proposed to introduce such affidavits at the hearing in lieu of oral testimony, and unless an opposing party or parties files a request to cross-examine a particular affiant at the hearing, the right to cross-examine such affiant shall be deemed waived. If any party requests the right to cross-examine an affiant, the affidavit of that affiant may be introduced in evidence only if the right to cross-examine him is afforded at the hearing.

*Id.* at 1265.

promulgated. I do not favor such a reading for two reasons.

First, it is wrong to say that cross-examination may not carry a price tag. In general civil litigation, deposition and witness costs are shifted to the losing party after judgment as a matter of course. Civ.R. 79. On the tilted playing field of workers' compensation, the employer must reimburse the employee "for the costs in the proceedings" when the employee wins. AS 23.30.-145(b). (The employee does not have a similar obligation when the employer prevails.) The costs for which the employer must reimburse the employee include the costs of cross-examination paid by the employee under the Board's interpretation of *Smallwood*.[3] Thus, when a litigant, or, in workers' compensation, an employer, loses, cross-examination has a price.

Second, according to the Board, its interpretation of *Smallwood* has lead to needless depositions resulting in delay, oppression of the economically weaker party—generally the employee—and economic waste. The Board states that many litigants have adopted as a matter of course

> the practice of "Smallwooding" any and all written reports served upon them. A protection granted by this court to prevent a violation of fundamental due process became a trial tactic which ran counter to the court's fundamental policy of "providing inexpensive and expeditious resolution of claims for compensation...."
>
> Armed with knowledge that the "right to cross-examine is absolute," many litigants generally took the opportunity to assert the right, as a matter of tactics. In many instances, where closer evaluation and the use of discretion would have allowed the case to proceed expeditiously with an alternate to absolute cross-examination, *Smallwood* became, not a matter of due process, but an invitation for procedural maneuvering and a matter of trial strategy. Although both employees and employer have used *Smallwood* tactically, the Board observed that the injured worker, for whom the system ex-

ists, often suffered the consequences of the resulting confusion and/or delay. Also, small employers, as well, have suffered from the same problems. Instead of providing what the court originally intended, *Smallwood* frequently became an impediment to the legendary "simple, speedy remedy" that the workers' compensation system was meant to provide.

(Footnotes omitted.)

The Board's position, based on more than a decade of experience, is persuasive. The cost disincentive inherent in the normal rule which makes the deposer pay is apparently of considerable importance in deterring needless depositions.

For the above reasons, I would not interpret *Smallwood* to require cost shifting. A party desiring to depose or examine the author of a report should bear the initial cost of the deposition or examination. Thus, I concur in the result of today's decision.

---

3. The Board recognized this remedy in this case. Decision, p. 6.